## HESSIAN HILLS CORPORATION v. UNION CENT. LIFE INS. CO.

District Court, S. D. New York.

March 7, 1941.

B. Leo Schwarz, of New York City, for plaintiff.

House, Grossman, Vorhaus & Hemley, of New York City, for defendant.

MANDELBAUM, District Judge.

Defendant moves for leave to amend its answer to set up a counterclaim against Myrtle B. Lynch and Effie M. Stewart, and for an order making them parties defendant to this action in order that they may interplead their claims with the plaintiff.

This action is brought upon a check in the sum of $6,086, delivered to plaintiff by defendant in return for the surrender to defendant of all the outstanding interests in and to a certain policy of life insurance upon the life of one John Ludi. Payment of said check was stopped by defendant owing to the fact that defendant had been apprised that the purported assignments, releases and surrenders of Myrtle B. Lynch and Effie M. Stewart were not valid and that therefore plaintiff had not delivered to defendant all the outstanding interests in said policy as it had agreed and in consideration for which said check had been issued. Defendant contends that inasmuch as these other parties claim an interest in the policy in question they should be made parties to the litigation to the end that defendant might not be subjected to possible double liability.

It appears that this case appeared on the Non-Jury Day Calendar on February 14th, 1941. At that time defendant obtained an adjournment until March 14th, 1941. An inspection of the file reveals that defendant's answer was served on June 28th, 1940. It further appears that defendant was apprised of the claims of the parties now sought to be impleaded in October, 1939.

To permit the defendant to amend at this time would necessarily delay the scheduled trial herein. The asserted object of the new Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, is to afford the litigants a just, inexpensive and speedy trial of the issues. Here the defendant had knowledge of all the facts for many months prior to this application but apparently waited until the eve of trial to assert its request for relief. The laches of the defendant is fatal to this application. United States v. Shuman, D.C., 1 F.R.D. 251.

Motion denied. Submit order.