## KURIS et al. v. PEPPER POULTRY CO., Inc.

District Court, S. D. New York.

Dec. 19, 1941.

362

Clarence E. Mellen, of New York City, for plaintiffs.

Nathan E. Zelby, of New York City, for defendant.

CLANCY, District Judge.

This is a motion by the defendant for leave to amend its answer and incorporate a cross-claim over and a counterclaim against two of the plaintiffs.

The proposed counterclaim is for property damage to defendant's truck. This action was commenced on August 1, 1940 and issue was joined on August 16, 1940. On December 7, 1940, defendant obtained an order to take the depositions of the plaintiffs. A few of these depositions were taken on December 16, 1940, at which time the plaintiff's attorney, according to his affidavit and it was not denied by the defendant, informed the latter that the subject matter of the proposed counterclaim was the basis of an action then already commenced. In view of this fact, we are inclined to disbelieve the defendant's reason for failure to proceed with application before now was "due solely to inadvertence and oversight." In view of the circumstances surrounding numerous adjournments procured at the instance of the defendant's attorney, the case finally having been set down at the head of the calendar on January 13, 1942, peremptorily against the defendant, we feel that the granting of this relief would be an unwarranted denial of the plaintiffs' right to a just, inexpensive and speedy trial of the issues. Accordingly, this relief is denied because of the defendant's laches and apparent lack of good faith in making the application. United States v. Shuman, D.C., 1 F.R.D. 251; Hessian Hills Corp. v. Union Central Life Ins. Co., D.C., 1 F.R.D. 743. We think it unnecessary to treat of the sufficiency of the proposed counterclaim.

The defendant's application for leave to assert a cross-claim against these two plaintiffs as third-party defendants is without merit. The defendant contends that Rule 14 and Rule 13 (g) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, authorize same. Obviously they do not. Rule 14 explicitly states that a party may implead "a person not a party to the action." Here the persons attempted to be impleaded are plaintiffs in the action. Rule 13 (g) provides for the assertion of a cross-claim against a coparty for any claim by one party against a coparty, etc. The proposed cross-claim of the defendant admittedly makes no claim on its own behalf but rather a claim on behalf of some of the plaintiffs against some of the other plaintiffs nor is it asserted against a coparty. This obviously is not within the purview of Rule 13 (g) nor can we find any authority to sustain it whatsoever. In fact, it is not a cross-claim at all but rather an attempt on the part of the defendant to compel an election on the part of some of the plaintiffs. The relief requested is, therefore, denied.