## UNION NAT. BANK OF YOUNGSTOWN, OHIO, v. SUPERIOR STEEL CORPORATION.

### Civ. A. No. 5812.

United States District Court
W. D. Pennsylvania.
Feb. 15, 1949.

See also 9 F.R.D. 117.

Howard F. Burns and Baker, Hostetler & Patterson, all of Cleveland, Ohio, Clarence B. Zewadski and Whittemore, Hulbert & Belknap, all of Detroit, Mich., and William H. Webb and Webb, Mackey & Burden, all of Pittsburgh, Pa., for plaintiff.

Robbin B. Wolf, Louis Vaira, 1200 Jones Law Bldg. Pittsburgh, Pa., Elder W. Marshall, Robert J. Dodds and Reed, Smith, Shaw & McClay, all of Pittsburgh, Pa., and Charles H. Walker, Clarence D. Kerr, Robert B. Whittredge, William F. Moss, III and Fish, Richardson & Neave, all of New York City, for defendant.

Jo. Bailey Brown, of Pittsburgh, Pa., for petitioner United Engineering & Foundry Co.

O'CONNELL, Circuit Judge.

Defendant has moved under Rule 14 of the Federal Rules of Civil Procedure, 28 U.S.C.A., "for leave as a third-party plaintiff to serve a summons and complaint upon E. W. Bliss Company [Bliss] and United Engineering & Foundry Co. [United] as persons not parties to this action but who are liable to it for all of plaintiff's claim against it."

As trustee of the Leon A. Beeghly Fund, plaintiff holds two patents issued in connection with metal rolling. Defendant uses seven 4-high mill stands which plaintiff alleges to be in infringement upon those patents. Bliss was manufacturer and vendor to defendant of four of the seven mills, and United of the other three.

The instant complaint was filed on June 20, 1946. About two weeks later, defendant sent to Bliss a letter in which defendant called upon Bliss to assume defense of the suit and to indemnify defendant against any decree and costs which might be entered against defendant in the suit. A similar letter was sent to United. In reply, both United and Bliss spoke of a meeting of the attorneys for United, Bliss, and defendant.

Conferences of United, Bliss, and defendant were apparently held at least on September 30, 1946.[1] The arrangement upon which they agreed was that, "in lieu of having United and Bliss come in and defend the case in literal compliance with their guarantees, Superior will conduct the defense itself, being reimbursed by Bliss and United for the expense of doing so." By letter dated October 10, 1946, the president of Bliss formally approved of the arrangement. By letter dated October 9, 1946, the chairman of the Board of United approved of a statement by counsel for United, which statement, inter alia, (a) suggested addition of certain subparagraphs to the answer which defendant proposed to file, (b) authorized defendant "to proceed in its own name for the present with this defense by souncel [sic] of Superior's choosing," (c) committed United to reimburse defendant for litigation expenses defendant incurred in presenting the defense of United, and (d) expressed the desire "that any decision upon United's contractual rights and obligations based on mills sold by it be determined in the suit between Cold Metal and United[2] and under control of United's counsel rather than in the Superior cases." Defendant incorporated in its answer verbatim the additional

---

[1] A letter of counsel for Bliss, dated October 3, 1946, mentions "our conferences on Monday for the handling of this suit."

[2] The suit here referred to is discussed infra.

130

subparagraphs suggested by United. The answer was filed on October 9, 1946.

Between October 9, 1946, and January 5, 1949 (the date of filing of the instant motion), there have been two court hearings concerning the setting of a trial date; pretrial conferences, examination of witnesses, depositions, and plant inspections; and briefs and memoranda have been submitted to the Court. At no time throughout this period of more than two years did defendant seek in this Court to join Bliss and United as parties to the suit.

It is not irrelevant to note that the instant case is by no means the first involving the patents in suit:

(a) the predecessor in title to plaintiff instituted against United suit in this Court on one of these patents almost eighteen years ago. This Court held the patent to be valid and United to be a licensee; Cold Metal Process Co. v. United Engineering & Foundry Co., D.C.W.D.Pa.1933, 3 F. Supp. 120, appeal dismissed 3 Cir., 1934, 68 F.2d 564, certiorari denied 1934, 291 U.S. 675, 54 S.Ct. 530, 78 L.Ed. 1064. After other proceedings (outlined in the opinion filed this date sur the motion of United to intervene, D.C., 9 F.R.D. 124), a master was appointed to determine what payments United should make to plaintiff. This accounting is still pending.

(b) About thirteen years ago, Bliss brought in the Northern District of Ohio a bill of complaint against the predecessor in title to plaintiff, in which bill Bliss sought a declaratory judgment that the patents here involved were invalid and not infringed by Bliss. Counsel for Bliss in that case also represents defendant in the case at bar. The declaratory judgment suit is still pending.

(c) Counsel for defendant has performed in like capacity concerning the patent rights here in issue on behalf of American Sheet & Tin Plate Co. (later Carnegie-Illinois Steel Corporation), United States Steel Corporation, Greer Steel Company, Ford Motor Co., McLouth Steel Corporation, Bethelehem Steel Co., Youngstown Sheet & Tube Co., Wheeling Steel Corporation, and Granite City Steel Co. At least some of these cases were in-

stituted long before the case sub judice. If counsel for defendant saw fit to seek to join United and Bliss as parties in any of these proceedings, this Court has not been so advised.

(d) The instant motion was filed two days after plaintiff moved in this Court to dismiss its own case, without costs to either party, plaintiff volunteering never again to assert a claim against defendant for its alleged infringement upon either of the patents in suit. Defendant opposed the granting of the motion to dismiss if limited to the terms which plaintiff proposed.

(e) Suits by the holder of the patents here involved are pending in at least four other jurisdictions, against users of mills allegedly infringing upon the patents.

(f) An action by the government, for cancellation of these patents for fraud in the procurement or mutual mistake of fact, failed; United States v. Cold Metal Process Co., D.C.N.D.Ohio 1945, 62 F.Supp. 127 affirmed 6 Cir., 1947, 164 F.2d 754, certiorari denied 1948, 334 U.S. 811, 68 S.Ct. 1016, rehearing denied 1948, 334 U.S. 835, 68 S.Ct. 1343. It would not be amiss to note that the learned district judge remarked that "In the eventual prosecution of this action several of the patent attorneys for companies very much interested in having the patents declared invalid were in continual attendance upon the trial, and while not attorneys of record for the plaintiff, yet continuously aided and assisted the attorneys for the plaintiff in the preparation and actual trial of the case." 62 F. Supp. at page 139.

(g) Both patents have now expired. Public interest in determination of their validity, consequently, is not of pressing moment.

On the basis of these facts, should the instant motion of defendant to serve a summons and complaint upon Bliss and United be granted?

It is clear that such a motion is addressed to the discretion of the Court; see General Taxicab Ass'n v. O'Shea, 1940, 71 App.D.C. 327, 109 F.2d 671, and Baltimore & O. R. Co. v. Saunders, 4 Cir., 1947, 159 F.2d 481, 483. Certainly a cogent factor governing the exercise of that discretion is

whether the motion is timely; see United States v. Shuman, D.C.W.Va.1940, 1 F.R.D. 251, and Hessian Hills Corp. v. Union Cent. Life Ins. Co., D.C.N.Y.1941, 1 F.R.D. 743. A statement made in the Hessian Hills opinion is not inapposite to the situation at bar: "Here the defendant had knowledge of all the facts for many months prior to this application but apparently waited until the eve of trial to assert its request for relief. The laches of the defendant is fatal to this application." 1 F.R.D. at page 744.

This Court believes the circumstances of the case at bar call a fortiori for application of the principle enunciated in the Shuman and Hessian Hills decisions. Not only did defendant for a period of more than two years refrain from asking this Court to join United and Bliss; but also defendant, fully aware of the other courses which could be pursued—i. e., having the defense undertaken by the indemnitors, or making timely application to the Court that the indemnitors be joined as third-party defendants—nonetheless at least acquiesced in the plan whereby only defendant was to be a party to the case. It is obvious that the instant motion has been inspired by the motion of plaintiff to dismiss, and that Rule 14 has been here asserted in an effort to affect the determination of the dismissal motion.

It might be added that, in the present posture of this case, grave doubts might well be raised whether the instant motion could be of appreciable benefit to defendant. Plaintiff has offered not to assert a claim against defendant for its alleged infringement of either of the patents, and the agreements between defendant on the one hand and United and Bliss on the other are of themselves strong indication that defendant could gain but little if the instant motion were granted and trial were had on the merits. Defendant has not pointed out to the Court any reason of weight why its position would be improved by addition of Bliss and United as parties, particularly when defendant, Bliss, and United have been content for so long a period of time to have the action limited to the present parties. The conclusion is irresistible that the instant motion stems from the belated desire of United and Bliss to force plaintiff to trial or to abandonment of any claims which plaintiff may assert against United and Bliss, and not from the belief of defendant that its interests could be adequately protected only if its indemnitors were now made parties.

The foregoing reasons are alone sufficient for denial of the instant motion. In addition, it is important to remember that, as was aptly summarized in McPherrin v. Hartford Fire Ins. Co., D.C.Neb. 1940, 1 F.R.D. 88, 89, the Federal Rules of Civil Procedure were promulgated to permit simplification of procedure, the speedy administration of justice, and reduction of the costs of litigation. The instant motion can hardly be said to attain those ends. To add as parties United and Bliss, which would be asserting conflicting defenses,[3] leaves room for doubt whether "speedy administration of justice" would be likely. Moreover, the volume of litigation already produced and remaining to be tried, as a result of these patents, shatters any sanguine thoughts that this Court could settle such litigation by granting the instant motion. Further, since the action by plaintiff against United and that by Bliss against plaintiff have been pending for many years, and the former has already reached the adjudication stage, I see no reason why the rights of plaintiff, United, and Bliss should not proceed to determination in their respective cases, unhampered by what might well develop into interference by this case, were United and Bliss to be made third parties defendant, particularly in the light of the fact that the patents have now expired.

Consequently, this Court concludes that the motion of defendant to make Bliss and United third parties defendant should be denied.

---

[3] This Court has determined that United is a licensee of one of the patents here involved, and United has accordingly taken the position that contesting the validity of that patent in the instant case would be inimical to its interest. On the other hand, Bliss insists that both patents are invalid.