## COLLORD v. RECONSTRUCTION FINANCE CORP.

### Civ. A. No. 8871.

United States District Court
W. D. Pennsylvania.

Dec. 26, 1950.

Lester K. Wolf, Pittsburgh, Pa., Earl Whittier Shinn (of Shinn, Grimes, Harlan, Strong & Carson), Washington, D. C., for plaintiff.

H. M. Lubic, Pittsburgh, Pa., Harold W. Sheehan, Washington, D. C., Richard K. Bloch, Cleveland, Ohio, and Louis F. Adelman, Pittsburgh, Pa., for defendant.

MARSH, Jr., District Judge.

In this action the plaintiff, George L. Collord, seeks to recover from the Reconstruction Finance Corporation the sum of $26,962.75, allegedly fair compensation due from the Government on a war contract. The defendant has moved to dismiss the complaint, asserting (1) that George L. Collord is not a proper party plaintiff; (2) that the complaint shows that the plaintiff was in default in the performance of the contract and therefore not entitled to relief under the Contract Settlement Act of 1944, 41 U.S.C.A. § 101 et seq.; (3) that the contract had been settled before the effective date of the Act of 1944, and (4) that plaintiff is barred by the Pennsylvania Statute of Limitations.

From the record, viewed in the light most favorable to the plaintiff, the facts upon which the plaintiff bases its claim are as follows:

During the last great emergency just prior to our entry into World War II, our Government, pursuant to an Act of Congress, caused to be organized and chartered a corporation known as the Metals Reserve Company, with the express purpose of performing all functions necessary or required in the buying, selling, producing, processing, acquiring and storing strategic or critical minerals and metals, including manganese. In order to stimulate and accelerate the exploration for and production of these strategic minerals and metals, the Metals Reserve Company offered to producers or miners of these minerals and metals, contracts whereby the Metals Reserve Company would agree to buy any amount of such ore, subject to certain specifications and prices unilaterally fixed by the Government, that a producer might be able to locate, mine and deliver from designated property assumed by both parties to contain such ore.

On May 19, 1942, plaintiff entered into such a contract with the Metals Reserve Company whereby plaintiff agreed to deliver 1,000 long tons of manganese ore according to certain specifications, from Red Brush Farm near New Castle, Virginia. The entire quantity of ore was to be delivered by the plaintiff within seven months from the date of the contract at a rate of not less than four carloads per month. In the following months there were several amendments to this agreement regarding the property to be mined, and by February, 1943, it appears that four carloads of ore had been delivered.

In June of 1943 the plaintiff informed the Metals Reserve Company that he would like his contract cancelled because he intended to incorporate, and on behalf of the corporation he offered to enter into another contract. In June of 1943 after plaintiff had become incorporated as the Craig Valley Manganese Company, Inc., the Metals Reserve Company cancelled plaintiff's contract and entered into a new contract with the Craig Valley Corporation whereby the Craig Valley Corporation agreed to produce and sell 2,000 long tons of manganese according to certain specifications. The entire 2,000 tons were to be delivered within one year from the date of the contract at the rate of not less than four carloads per month.

It is not clear whether any ore was delivered by the Craig Valley Corporation pursuant to this contract, but until the latter part of October, 1943, the Craig Valley Corporation kept the Metals Reserve Company informed as to its progress.

Some time near the end of 1943, when it was learned that the quantity of manganese ore as specified in the contract could not be produced from the property listed in the contract, the Craig Valley Corporation abandoned operations, the corporation was dissolved, and its assets and liabilities were assumed by the plaintiff.

On February 1, 1944, the Metals Reserve Company cancelled the contract with Craig Valley Corporation because the manganese ore had not been delivered according to the schedule required by the contract.

On December 2, 1949 plaintiff filed claim with the defendant, successor to the Metals Reserve Company, for fair compensation in an amount sufficient to cover the plaintiff's costs in its performance of its war contract. This claim was denied on March 6, 1950.

The plaintiff now seeks relief in this court by virtue of Sections 6 and 13 of the Contract Settlement Act of 1944, 41 U.S.C.A. § 101 etc.

Section 6 of the Act provides: "It is the policy of the Government, and it shall be the responsibility of the contracting agencies and the Administrator of General Services, to provide war contractors with speedy and fair compensation for the *termination* of any war contract, in accordance with and subject to the provisions of this chapter, * * *." (Emphasis added.)

Section 13 provides that a war contractor who is aggrieved by the contracting agency's settlement of his termination claim may resort to this court for relief.

The defendant contends that the plaintiff's contract was terminated or cancelled by the Metals Reserve Company because the plaintiff was in default, and by virtue of Section 3 of the Act, a termination of a war contract because of the default of the contractor is not a termination within the meaning of Section 6 of the Act; therefore, plaintiff is not entitled to the benefits of said Act.

Section 3(d) of the Act provides: "The terms 'termination', 'terminate', and 'terminated' refer to the termination or cancelation, in whole or in part, of work under a prime contract for the convenience or at the option of the Government (except for default of the prime contractor) * * *."

The plaintiff urges that he was not in default within the meaning of this exclusion.

The complaint avers, and the admissions filed substantiate the averment that the plaintiff failed to produce the ore because the ore mined from the land specified in the contract did not meet the specifications of the contract, something over which neither party had control. In addition, plaintiff alleges that the contract required that plaintiff produce ore from *certain designated land which land both parties assumed contained the desired ore.* From these allegations and the present state of the

record, this court cannot say that the plaintiff was in such default as would bar him from the provisions of the Contract Settlement Act. Black Rock Mining Co. v. Reconstruction Finance Corporation, Civil Action No. 607, Northern District of Iowa, 1950.[1]

The other grounds urged by the defendant in support of its motion to dismiss are without merit.

The motion to dismiss must be denied.

---

1. No opinion for publication.