UNITED STATES v. COSTA et al. (HOLLAND FURNACE CO., third party defendant).

Civ. 8717.

United States District Court
W. D. Pennsylvania.

Aug. 15, 1951.

494

Edward C. Boyle, Pittsburgh, Pa., for plaintiff.

Bradley McK. Burns, Pittsburgh, Pa., for defendant and third party plaintiff.

Sigmund Rosenwasser, Pittsburgh, Pa., for third party defendant.

STEWART, District Judge.

This is an action on a promissory note brought by the holder, the United States of America, against the makers of the note. In the answer, the defendants assert the defense of failure of consideration by the payee, and upon ex parte petition of the defendants under Rule 14(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A., this Court granted leave to the original defendants to serve a third party summons and complaint on the payee. In the third party complaint, the defendants allege a cause of action for breach of warranty against the payee under a contract for the installation of a heating system for which the note was given in part payment. The third party defendant, in its answer, denies that there has been any breach of warranty. Subsequent to the filing of its answer, the third party defendant filed a request for admissions under Rule 36 of the Federal Rules of Civil Procedure to which Constance Costa, one of the third party plaintiffs, filed a sworn statement in answer while the other third party plaintiff, Theresa Costa, did not. Following the filing of this answer the third party defendant filed a motion for summary judgment.

The third party defendant urges that the motion should be granted for two reasons: First, that it was improper to permit the joinder of the third party defendant under the facts of this case; second, that it is entitled to summary judgment by reason of the failure of one of the plaintiffs to answer the request for admissions.

A motion for summary judgment may be granted only where "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law": Rule 56(c), Federal Rules of Civil Procedure. Toebelman v. Missouri-Kansas Pipe Line Co., 3 Cir., 1942, 130 F.2d 1016; Michel v. Meier, D.C.W.D.Pa.1948, 8 F.R.D. 464. All doubts are resolved against the moving party. Sarnoff v. Ciaglia, 3 Cir., 1947, 165 F.2d 167; Michel v. Meier, supra.

From the above authorities it is clear that the propriety of the joinder of the third party defendant was not properly raised by a motion for summary judgment. It is obvious, however, that the third party defendant intended to test the propriety of the order granting leave to file a third party complaint. The proper method to test such an order is a motion to vacate the order and to strike the complaint. 1 Barron and Holtzoff Federal Practice and Procedure (Rules Ed.1950) § 427, p. 868; Delano v. Ives, D.C.E.D.Pa.1941, 40 F.Supp. 672; Falcone v. City of New York, D.C.E.D. N.Y.1941, 2 F.R.D. 87; U. S. v. Jollimore, D.C.D.Mass.1941, 2 F.R.D. 148. Motions to dismiss may be treated as motions to vacate the order and strike the complaint. Delano v. Ives, supra; McPherrin v. Hartford Fire Ins. Co., D.C.D.Neb.1940, 1 F.R. D. 88. In a similar manner this Court may treat the motion for summary judgment as a motion to vacate the order and strike the complaint.

Although the third party defendant's motion be so treated, it is the opinion of this Court that it should be denied. Rule 14(a) permits a defendant, with leave of court, to implead any person "who is or may be liable to him for all or [any] part of the plaintiff's claim against him". Whether third party defendants may be brought in and retained is a matter addressed to the court's discretion. Baltimore & O. R. Co. v. Saunders, 4 Cir., 1947, 159 F.2d 481; General Taxicab Ass'n v. O'Shea, 1940, 71 App.D.C. 327, 109 F.2d 671; Union Nat. Bank of Youngstown,

Ohio v. Superior Steel Corp., D.C.W.D. Pa.1949, 9 F.R.D. 128; U. S. v. Jollimore, supra. Although the District Court for the Eastern District of New York in Falcone v. City of New York, supra, adopts the opposite view, the weight of authority supports the view that the granting of leave under Rule 14 is a matter of judicial discretion.

Judge Burns of this Court granted the defendants' motion for leave to join the third party defendant. Since this was a matter addressed to his discretion and for the further reason that, as provided in Rule 14(a) the third party plaintiffs assert a claim against the third party defendant for all of the plaintiff's claim against them, this Court could vacate the original order only on a showing of abuse of discretion. No such showing exists here.

Furthermore, the order should not be vacated for the reason that the motion was not a timely one. As previously indicated, the third party defendant filed a request for admissions under Rule 36 as well as an answer to third party plaintiffs' complaint. Subsequent to the filing of an answer to the admissions by one of the third party plaintiffs, the third party defendant filed the motion. Although there is no provision in the rules relating to the time of filing a motion to vacate, the reasoning underlying the requirement of Rule 12(b) that a motion to dismiss be made before pleading is applicable here and may be considered by the court in the exercise of its discretion under Rule 14(a).

The third party defendant further argues that the failure of one of the plaintiffs to answer the request for admissions entitles it to summary judgment. A failure to answer a request for admissions under Rule 36 will support a motion for summary judgment if the admissions by failure to deny remove all issues of fact from the case: Creedon v. Arielly, D.C.W.D.N.Y. 1948, 8 F.R.D. 265. If the admissions are uncertain, however, the motion for summary judgment will be denied. Woods v. Robb, 5 Cir., 1948, 171 F.2d 539.

Issues of material facts were raised in this case by the third party complaint and the answer filed thereto. In the third party complaint, the third party plaintiffs allege a breach of warranty by the third party defendant in that the heating system installed by the third party defendant failed to heat the premises as warranted, and that by reason of this failure, the third party plaintiffs were forced to replace that heating system. The third party defendant answered the complaint, denying the averments therein of breach of warranty and failure of the heating system installed by it to heat the premises and averring that it did not install complete new runs of pipe but only such new materials as were necessary to connect to existing runs of pipe and, if the furnace installed by it was replaced, it was without cause. The third party defendant asserted further that the third party plaintiffs signed a satisfaction and completion certificate by the terms of which they indicated that the work was satisfactorily completed on the premises.

Clearly, issues of material facts are created by these pleadings. Whether the request for admissions along with the answer of the one third party plaintiff and the other's failure to reply removed these issues is the remaining question.

Since one of the third party plaintiffs has filed a sworn statement denying the validity of some of the statements in the request for admissions and raising the issue of coercion in the signing of the satisfaction and completion certificate, the admissions which arise by failure to deny on the part of the other third party plaintiff are uncertain in nature. In addition, there is nothing in the admissions which clearly removes the issue of whether the premises were heated as warranted.

Therefore, the third party defendant's motion for summary judgment must be denied whether it be treated as such or treated as a motion to vacate the order and to strike the complaint.