## COLLORD v. RECONSTRUCTION FINANCE CORP.

Civ. No. 8871.

United States District Court
W. D. Pennsylvania.

March 25, 1952.

Lester K. Wolf, Pittsburgh, Pa., Earl Whittier Shinn, and Shinn, Grimes, Harlan, Strong & Carson, all of Washington, D. C., for plaintiff.

Harold W. Sheehan, Washington, D. C., Richard K. Bloch, Cleveland, Ohio, and Louis F. Adelman, Pittsburgh, Pa., for defendant.

STEWART, District Judge.

Plaintiff brought this action under the Contract Settlement Act of 1944, 41 U.S. C. § 101, seeking to recover the sum of $26,962.75, allegedly fair compensation due from the Government on a war contract. Prior to filing an answer, defendant filed a motion to dismiss the complaint alleging various grounds therefor. Judge Marsh of this Court, pursuant to an opinion dated December 26, 1950, entered an order denying the motion to dismiss. 94 F.Supp. 828.

Subsequently, defendant filed an answer to the complaint.

Defendant has now filed a motion for summary judgment alleging the same grounds in support thereof as were alleged in the motion to dismiss. In addition, two affidavits in support of the motion for summary judgment have been filed by the defendant. All of the grounds alleged in the motion for summary judgment were decided adversely to the defendant by Judge Marsh in his decision denying the motion to dismiss.

We recognize that the tests on a motion to dismiss and on a motion for summary judgment are different. The test on a motion to dismiss is whether the complaint states a claim upon which relief can be granted, Shapiro v. Royal Indemnity Company, D.C.W.D.Pa.1951, 100 F.Supp. 801, whereas the test on a motion for summary judgment is whether "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law". Rule 56(c), Federal Rules of Civil Procedure, 28 U.S.C.; Toebelman v. Missouri-Kansas Pipe Line Co., 3 Cir., 1942, 130 F.2d 1016; United States v. Costa, D.C.W.D.Pa.1951, 11 F.R.D. 492; Michel v. Meier, D.C.W. D.Pa.1948, 8 F.R.D. 464. All doubts are resolved against the moving party. Sarnoff v. Ciaglia, 3 Cir., 1947, 165 F.2d 167; United States v. Costa, supra. However, this difference neither authorizes nor requires a re-examination of Judge Marsh's decision.

The only matter argued by counsel in support of the motion for summary judgment is that relating to the alleged default of plaintiff. Judge Marsh had this same contention, as well as all the others, before him on the motion to dismiss, and treated it as follows, 94 F.Supp. at page 830:

"The defendant contends that the plaintiff's contract was terminated or cancelled by the Metals Reserve Company because the plaintiff was in default, and by virtue of Section 3 of the Act, a termination of a war contract because of the default of the contractor is not a termination within the

meaning of Section 6 of the Act; therefore, plaintiff is not entitled to the benefits of said Act.

"Section 3(d) of the Act provides: 'The terms "termination", "terminate", and "terminated" refer to the termination or cancelation, in whole or in part, of work under a prime contract 'for the convenience or at the option of the Government (except for default of the prime contractor) * * *.'

"The plaintiff urges that [it] was not in default within the meaning of this exclusion.

"The complaint avers, and the admissions filed substantiate the averment that the plaintiff failed to produce the ore because the ore mined from the land specified in the contract did not meet the specifications of the contract, something over which neither party had control. In addition, plaintiff alleges that the contract required that plaintiff produce ore from *certain designated land which land both parties assumed contained the desired ore.* From these allegations and the present state of the record, this court cannot say that the plaintiff was in such default as would bar [it] from the provisions of the Contract Settlement Act."

■ This conclusion is binding on us, Hirshhorn v. Mine Safety Appliances Co., D.C.W.D.Pa.1951, 101 F.Supp. 549, and requires a decision that a material issue of fact does exist. Plaintiff has made no new admissions nor amended the allegation in the complaint since the date of the decision by Judge Marsh. The only new matter in the record consists of defendant's answer, motion for summary judgment and the two affidavits in support thereof. These merely serve to clarify the defendant's position, but do not alter the facts which can be treated as undisputed. Since Judge Marsh decided that the facts alleged in the complaint, if true, stated a claim upon which relief could be granted, we cannot now say that defendant is entitled to judgment upon the undisputed facts in the record.

■ We think it apparent that all of the remaining reasons urged by defendant in support of the present motion were considered by Judge Marsh in the ruling on the prior motion, and his decision thereon controls.

Defendant's motion will be denied.