Myron LaLone, Plaintiff, *v.* Richard T. Carlin, Defendant.
Martha LaLone, Plaintiff, *v.* Richard T. Carlin, Defendant.

Supreme Court, Jefferson County, January 26, 1931.

*Purcell, Cullen & Reynolds*, for the plaintiffs.

*T. Arthur Hendricks*, for the defendant.

Smith (Edward N.), J. The causes of action arose out of a collision in the intersection of Phelps and Cooper streets in the city of Watertown on the 27th day of May, 1930, between two automobiles, one driven by the defendant Richard T. Carlin and the other driven by one Edward W. LaLone. Carlin was driving his car in a westerly direction over Phelps street and LaLone was driving his car in a northerly direction over Cooper street.

The affidavit in favor of the motion is sufficient to raise the question as to whether the accident was not the result of concurring negligences; it goes farther and shows that probably such was the fact.

The motion is made under subdivision 2 of section 193 of the Civil Practice Act, which provides: " Where any party to an action shows that some third person, not then a party to the action, is or will be liable to such party wholly or in part for the claim made against such party in the action, the court, on application of such party, may order such person to be brought in as a party to the action."

Prior to the enactment of section 211-a of the Civil Practice Act

there was no right in one tort feasor to contribution from his joint tort feasor *in pari delicto*. Furthermore, the plaintiff, in cases of joint tort feasors, might sue one or all thereof.

Section 211-a of the Civil Practice Act (effective September 1, 1928) made a radical departure from the common law of the State; it provides: " Where a money judgment has been recovered jointly against two or more defendants in an action for a personal injury or for property damage, and such judgment has been paid in part or in full by one or more of such defendants, each defendant who has paid more than his own pro rata share shall be entitled to contribution from the other defendants with respect to the excess so paid over and above the pro rata share of the defendant or defendants making such payment."

The condition precedent to the right to contribution is that a judgment shall have been recovered jointly against two or more defendants. This section creates a substantial right, to wit, the right to contribution. (*Haines* v. *Bero Engineering Construction Corporation*, 230 App. Div. 332.)

Subdivision 2 of section 193 of the Civil Practice Act gives to the court a discretionary power, upon the application of a defendant to bring in a third party; this discretion provision must be exercised in respect of rights created under section 211-a in connection therewith, because a discretionary power in matters of procedure should not be exercised in such a manner as to impair or destroy a substantial right.

The plaintiffs, however, ground their opposition upon the fact that they have for a valuable consideration executed and delivered to said Edward W. LaLone a covenant not to sue him for damages occasioned by the aforesaid collision. This agreement they and each of them had a right to make; but by such an agreement they cannot defeat a substantial right granted by section 211-a of the Civil Practice Act, excepting by and with the consent of the party who possesses the right. If they had executed a release to said Edward W. LaLone of any claim of damages against him growing out of this collision, such a release would have been effective to discharge the defendant Richard T. Carlin from any liability which might be his. This they have not done, because a covenant not to sue does not operate as a release of the right to seek or receive compensation for damages sustained; it does no more than to say: " We will not resort to an action in court to recover any damages for which you may be liable." The bringing in of Edward W. LaLone as a party defendant upon the motion of the defendant in these actions does not violate this covenant. The plaintiffs do not issue the supplementary summons. Plaintiffs in case of the recovery of

a judgment might not be able to collect from Edward W. LaLone any part of a judgment which might be recovered herein against both the defendant Carlin and Edward W. LaLone if the latter be brought in as a defendant; but the defendant Carlin would have the right to recover, in the event both parties were found to be liable, from the defendant Edward W. LaLone, pursuant to the provisions of section 211-a of the Civil Practice Act.

By such a simple process as a covenant on the part of a potential plaintiff not to sue a joint tort feasor, a substantial right in one not a party to the covenant may not be defeated. Of course there may arise conditions and circumstances not now foreseen which would not make it an abuse of discretion to deny such a motion. A long delay of the defendant in making the motion might be prejudicial to the rights of the plaintiffs; but there are no laches here shown on the part of the defendant which would defeat his right to the relief sought. (*Hejza* v. *New York Central R. R. Co.,* 230 App. Div. 624.)

The motion of the defendant is granted in each of the actions. Ordered accordingly.