## SAUNDERS v. GOLDSTEIN (SOUTHERN DAIRIES, Inc., et al., Third-Parties).

### No. 2958.

District Court of the United States for the District of Columbia.

Nov. 6, 1939.

Ralph Cusick, of Washington, D. C., for plaintiff Saunders.

John J. Carmody (of Whiteford, Marshall, Hart & Carmody), of Washington, D. C., for defendant Goldstein.

Edmund L. Jones (of Hogan & Hartson), of Washington, D. C., for defendant and third-party plaintiff Southern Dairies, Inc.

John E. Laskey and John L. Laskey, both of Washington, D. C., for third-party defendants Murrell and Louise D. Frazier.

LUHRING, Justice.

This is a motion by the third-party defendant to dismiss the original complaint and the third-party complaint.

The complaint alleges: "That on or about November 21, 1938 * * * defendant, Southern Dairies, Inc., * * * was engaged in * * * manufacturing and distributing for public use and consumption ice-cream and confections including an ice-cream product known as 'Drum Stick' which consisted of a cake cone filled with ice-cream and represented as being covered with nuts * * * and offered the said product to the general public including the plaintiff through various stores and drug stores and through the defendant, Samuel Goldstein, trading as Taylor's Pharmacy."

It is alleged that the plaintiff purchased from the defendant Samuel Goldstein, trading as Taylor's Pharmacy, the product known as "Drum Stick" and unknown to the plaintiff the said confection contained a stone which the plaintiff unexpectedly bit while eating the confection and the plaintiff became injured, and as a result of the negligence aforesaid plaintiff sustained damages.

It is to be noted that the complaint proceeds upon the theory of negligence.

The defendant, Southern Dairies, Inc., sought and obtained leave as a third-party plaintiff to make Murrell B. Frazier and Louise D. Frazier, trading as M. B. Frazier and Son, third-party defendants and served upon them a summons and third-party complaint pursuant to Federal Rule 14, 28 U.S.C.A. following section 723c.

The third-party complaint alleges that the third-party plaintiff, Southern Dairies, Inc., purchased the nuts used in the manufacture of the "Drum Stick" from the third-party defendants, and that in selling the nuts, the third-party defendants did enter into a contract of implied warranty that the said nuts were pure and fit for human consumption, and that the third-party plaintiff did purchase and accept the said nuts in reliance on said contract of implied warranty.

The third-party complaint further alleges that if any stone or other foreign substance got into a "Drum Stick", as alleged in the original complaint filed herein, it

did not get into the said "Drum Stick" in the plant of the third-party plaintiff or through the said third-party plaintiff's agency in any manner, but was imbedded in said nuts when received from said third-party defendants in such a way as not to be discoverable through the use of reasonable care.

Continuing, the third-party complaint in paragraph 5 alleges that "if the plaintiff was injured as alleged in the original complaint, said injury was caused by third-party defendants' breach of warranty in selling the said third-party plaintiff nuts which were not pure and fit for human consumption and which contained the foreign substance in question. If said third-party plaintiff is liable to the plaintiff, the said third-party defendants are liable to the said third-party plaintiff in an identical sum."

The prayer is for judgment against the third-party defendants for all sums, including interest and costs, that may be adjudged against the said third-party plaintiff in favor of the original plaintiff.

The third-party defendants move to dismiss the third-party complaint on the ground that it fails to state a claim against the third-party defendants upon which relief can be granted. They also move to dismiss the original complaint on like ground.

The third-party defendants are not parties to the original complaint. The theory of that complaint as we have pointed out is negligence. It sounds in tort. There is no doubt, had the plaintiff so desired, she could have joined the third-party defendants along with the defendants, Goldstein and Southern Dairies. Federal Rule 20(a); Crim v. Lumbermens Mut. Casualty Co., D.C., 26 F.Supp. 715. Of course, the original plaintiff has no claim for the breach of an implied warranty against any one but the defendant, Goldstein, who sold her the "Drum Stick." There is no privity of contract between her and the Southern Dairies, Inc., and the third-party defendants. Cushing v. Rodman, 65 App.D.C. 258, 82 F.2d 864, 104 A.L.R. 1023; Hanback v. Dutch Baker Boy, Inc., App.D.C., 107 F.2d 203.

The motion to dismiss the original complaint must be overruled.

The third-party complaint clearly states a claim entitling the third-party plaintiff to relief against the third-party defendants, and to recover consequential damages flowing from a breach of the implied warranty. Cushing v. Rodman, supra. Therefore, the motion to dismiss the third-party complaint must be overruled.

It is so ordered.