GENERAL TAXICAB ASS'N, Inc., et al. v. O'SHEA.

No. 7485.

United States Court of Appeals for the District of Columbia.

Decided Jan. 15, 1940.

Ralph A. Cusick, of Washington, D. C., for appellants.

Arthur J. Hilland and Albert E. Conradis, both of Washington, D. C., for appellee.

Before STEPHENS, VINSON and RUTLEDGE, Associate Justices.

STEPHENS, Associate Justice.

This is a special appeal from an order of the District Court of the United States for the District of Columbia overruling a motion, made under Rule 14(a) of the Rules of Civil Procedure for District Courts of the United States, 28 U.S.C.A. following section 723c, to bring in third parties. The rule is as follows:

"Rule 14. Third-Party Practice.

"(a) When Defendant May Bring in Third Party. Before the service of his answer a defendant may move *ex parte* or, after the service of his answer, on notice to the plaintiff, for leave as a third-party plaintiff to serve a summons and complaint upon a person not a party to the action who is or may be liable to him or to the plaintiff for all or part of the plaintiff's claim against him. If the motion is granted and the summons and complaint are served, the person so served, hereinafter called the third-party defendant, shall make his defenses as provided in Rule 12 and his counterclaims and cross-claims against the plaintiff, the third-party plaintiff, or any other party as provided in Rule 13. The third-party defendant may assert any defenses which the third-party plaintiff has to the plaintiff's claim. The third-party defendant is bound by the adjudication of the third-party plaintiff's liability to the plaintiff, as well as of his own to the plaintiff or to the third-party plaintiff. The plaintiff may amend his pleadings to assert against the third-party defendant any claim which the plaintiff might have asserted against the third-party defendant had he been joined originally as a defendant. A third-party defendant may proceed under this rule against any person not a party to the action who is or may be liable to him or to the third-party plaintiff for all or part of the claim made in the action against the third-party defendant."

It appears from the record that: The appellee, plaintiff below, seeking damages from the appellants, alleged that she was injured through the negligent operation by

672

them of a "General Cab," in consequence of which it collided with a motor vehicle in which the appellee was riding in the District of Columbia. After the filing of the appellee's complaint, and of pleas thereto, and of an amended complaint, the appellants moved the trial court to implead as third-party defendants the owners and operators of the vehicle, alleged by the appellants to be a "Diamond Cab," in which the appellee was riding at the time of the collision. The appellants submitted with their motion a proposed third-party complaint in which they charged that the injuries, if any, sustained by the appellee were caused by the negligence of the proposed third-party defendants, and in which they prayed that judgment, if any, should be entered against the latter. The appellants did not, however, assert any cause of action on their own part against the proposed third-party defendants. Notice of the motion to implead was given to the appellee. When this motion came on for hearing before the trial court the appellee declined to amend her complaint so as to state a cause of action on her own part against the proposed third-party defendants. Whereupon the trial judge denied the motion to implead. [1] This appeal was then taken.

The appellants contend that they had an absolute right to bring the proposed third-party defendants into the case. To the contrary, the appellee says that Rule 14 (a) places the impleading of third-party defendants within the sound discretion of the trial court, and that there is no showing of an abuse of discretion.

■ Rule 14(a) was adopted for the purpose of extending, with some modifications, into the civil procedure of the district courts of the United States the practice, in respect of impleading third parties, of the Federal admiralty courts, of certain state courts—notably those of Pennsylvania, New York and Wisconsin—and of the English courts. See Notes to the Rules of Civil Procedure for the District Courts of the United States (Sen.Doc. No. 101, 76th Cong. 1st Sess. (1939) 233).

In admiralty, under Federal Admiralty Rule 56 (Rules of Practice for the Courts of the United States in Admiralty and Maritime Jurisdiction (1920), 28 U.S.C.A. following section 723, impleader is a matter of right—the rule says "the claimant or respondent . . . shall be entitled to bring in any other vessel or person"—if the petition is presented before or at the time of answering the libel. Thereafter it is discretionary—the rule stating "or at any later time during the progress of the cause that the court may allow." 1 Moore's Federal Practice under the New Federal Rules (1938) 741, 754. And see Otts v. I. M. Ludington's Sons, Inc., 1914, D.C.N.Y., 229 F. 454. In Pennsylvania, the Scire Facias Act of 1929, as amended by the Acts of 1931, 1933, and 1937 (12 Purdon's Pa. Stat.Ann. (1938) § 141), authorizes a defendant to "sue out, as of course, a writ of scire facias to bring upon the record" an additional defendant, but gives the court power to see that "the plaintiff shall not be prejudiced or unnecessarily delayed . . . ." See First National Bank of Pittsburgh v. Baird, 1930, 300 Pa. 92, 150 A. 165; 37 Dickinson Law Review 236, 237. In New York the statutory provisions in respect of impleading third-party defendants are in discretionary terms, stating that the court "may order such person to be brought in . . . ." Civil Practice Act, § 193 (2) (Laws of 1923, c. 250). An earlier statute (Laws of 1922, c. 624) had used the term "must direct." The New York courts have held, under the later act, that the addition of parties is within the discretion of the court. La Lone v. Carlin, 1931, 139 Misc. 553, 247 N.Y.S. 665; Greenhouse v. Rochester Taxicab Co., 4 Dep't 1926, 218 App.Div. 224, 218 N.Y.S. 167; Hailfinger v. Meyer, 4 Dep't 1925, 215 App.Div. 35, 212 N.Y.S. 746. And see the comment of Augustus N. Hand, Circuit Judge, in Van Cott v. Marion De Vries, Inc., 2 Cir., 1930, 37 F.2d 48. In Wisconsin the third-party statute is in discretionary words, providing that "the court may . . . order." Wis.Stats. (1935) 260:19 (3). In an earlier statute the legislature had been even more explicit, saying "the court may in its discretion make such order." Wis.Stats. (1933) 260:19 (3). To the effect that the

---

[1] The declination of the appellee to amend her complaint does not affirmatively appear in the record. But the appellants' brief states that at the hearing on the motion the trial judge asked counsel for the appellee if the latter desired to amend and that the reply was in the negative. This is not denied in the brief of the appellee, and as there is in the record no amendment of the appellee's pleadings so as to state a cause of action against the proposed third-party defendants, we treat the case as if the record did show the declination to amend.

changed phrasing continues the discretionary power see 1 Moore, *op. cit. supra, 778.* In England the pertinent provision (O. 16A, r. 1 (1) (c) (1929), Ann.Prac. (1939) 295) is that "the Court or Judge may give leave to the defendant to issue and serve a 'third-party notice.' " This language has been held to place the impleader of third parties within the discretion of the court. Baxter v. France, 1 Q. B. 591 [1895]; Gowar v. Hales, 1 K.B. 191 [1928]; Lothian v. Epworth Press (Note to Gowar v. Hales (C. A. 1926) [1928] 1 K.B. 199. And see Ann.Prac. (1939) 296.

Against this background of statutes and decisions, the Supreme Court, in framing Rule 14(a), chose the language "a defendant may move . . . *for leave* as a third-party plaintiff to serve a summons and complaint upon a person not a party to the action . . . ," and the language "*If* the motion is granted . . . ." (Italics supplied) We think there can be no doubt that it was thus intended to make the impleading of third parties in the Federal practice discretionary with the trial court. See 1 Moore, *op. cit. supra,* 741: "Whether a party to an action shall be allowed to implead an additional party rests in the discretion of the court. This is in accord with the English, New York and Wisconsin practices."

With impleader a matter within the discretion of the trial court we could find error in the instant case only upon a theory that the overruling of the motion to implead third parties was an abuse of discretion. We find nothing in the present record indicative of an abuse—especially since neither the appellee, nor even the appellants themselves, asserted a cause of action against the proposed third-party defendants.

Affirmed.