UNITED STATES v. JOLLIMORE et al.
(HOLLAND FURNACE CO., Third-
Party Defendant).

Civil Action No. 873.

District Court, D. Massachusetts.

Nov. 3, 1941.

Edmund J. Brandon, U. S. Atty., and William J. Koen, Sp. Asst. U. S. Atty., both of Boston, Mass., for plaintiff.

James S. Ballantyne, of Boston, Mass., and J. & J. Ballantyne, of Roxbury, Mass., for defendants Jollimore.

William Gordon, of Boston, Mass., for Holland Furnace Co.

FORD, District Judge.

This is a motion to dismiss a third-party complaint on the ground that no situation is set up in which the defendants are, under Rule 14, Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, entitled to bring in a third party.

Under Rule 14 a defendant is entitled to implead a third person "not a party to the action who is or may be liable to him or to the plaintiff for all or part of the plaintiff's claim against him." The United States sues the defendants as makers of a note of which it has become a holder. The defendants seek to join as third-party defendant the original payee of the note, against whom they assert a claim of damages for breach of warranty of the quality of the article for which the note was given.

It is clear that no liability of the third-party defendant exists on this note to the plaintiff. The note is overdue and no protest appears to have been made. Any liability of the third-party defendant to the defendants is independent of the assertions of the claim of the United States and would, therefore, appear not to be a liability "for all or part of the plaintiff's claim against him." To allow the impleading of this third-party defendant would be to introduce a new and separate controversy into these proceedings.

According to the case of Crim v. Lumbermens Mutual Casualty Co., D.C., 26 F.Supp. 715, the test to determine when a third-party defendant may be impleaded under Rule 14 is whether he could have been joined originally as a defendant by the plaintiff. This could have been done only if there could have been asserted against the defendants and the third-party defendant "jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, * * *." F.R.C.P., Rule 20(a). No liability of the third-party defendant to the plaintiff, arising out of the making of this note, can be shown.

The cases in which impleading a third party has been allowed have been cases where the third-party defendant is liable as a guarantor, surety, insurer, or indemnifier of the principal defendant, or in which the third-party defendant may be liable for causing the damage to the plaintiff, it being a factual question which of two people is responsible for a given injury. Cf. Saunders v. Goldstein et al., D.C., 30 F.Supp. 150; Crum v. Appalachian Electric Power Co. et. al., D.C., 29 F.Supp. 90; Kravas et al. v. Great Atlantic & Pacific Tea Co., D.C., 28 F.Supp. 66; and Crim v. Lumbermens Mutual Casualty Co., supra. It is obvious that an entirely different application of Rule 14 is sought here.

Finally, it may be pointed out that the courts have held that the granting of a motion for leave to implead a third party is a matter of judicial discretion. General Taxicab Ass'n, Inc., et al. v. O'-Shea, 71 App.D.C. 327, 109 F.2d 671; McPherrin v. Hartford Fire Ins. Co. et al., D.C., 1 F.R.D. 88. In the latter case it was held, on a motion to dismiss, that this discretion might be exercised by treating the motion to dismiss as a motion to vacate the order granting leave to implead a third party. This I believe to be better procedure. Falcone v. City of New York et al., D.C., 2 F.R.D. 87.

In the present case, the impleading of the third-party defendant would require the trial of issues in no way involved in the controversy between the plaintiff and defendants. No greater convenience would be attained by trying the two sets of issues involved together. In such a case there is no reason for an exercise of discretion that results in holding that Rule 14 should apply to permit a joinder of actions.

The motion to dismiss the third-party complaint is granted, without costs.