HULL v. UNITED STATES RUBBER CO. (JOHNSON, LARSEN & CO., Third-Party Defendant).

No. 5096.

District Court, E. D. Michigan, S. D.

Dec. 19, 1945.

tion 723c, on which many interpretations have been made, but generally with a fact situation different from the one at bar.

Here plaintiff brings action in tort against defendant who in turn denies any negligence but adopts plaintiff's claims of negligence by charging them against third party defendant brought into this case on defendant's motion.

The matter is before this court on motion to vacate such order, third party defendant, a resident of Michigan, maintaining that since plaintiff, also resident of Michigan, could not sustain a direct action against it in Federal Court (no diversity of citizenship), plaintiff cannot and should not by circumvention or circuitous pleading be permitted to accomplish the same result, thus nullifying Rule 82 which provides that the new rules should "not be construed to extend * * * the jurisdiction of the district courts of the United States * * *."

A number of cases have been cited—some from this very court—but a close perusal of all cases presented by the original defendant (third party plaintiff), and most of those by third party defendant, are not in point, with the exception of Hoskie v. Prudential Ins. Co. of America, D. C., 39 F. Supp. 305, which we believe is practically directly on all fours.

It seems to this court that Rule 14, which is as follows:

"(a) When Defendant May Bring in Third Party. Before the service of his answer a defendant may move ex parte or, after the service of his answer, on notice to the plaintiff, for leave as a third-party plaintiff to serve a summons and complaint upon a person not a party to the action *who is or may be liable to him or to the plaintiff for all or part of the plaintiff's claim against him.* * * *"

means that where there is some liability over or some right to recover back from the third party, the main defendant as third party plaintiff may add him as a defendant on the ground that such third party may be held finally liable to him. Rutherford v. Pennsylvania Greyhound Lines, Inc., D. C., 7 F.R.D. 245; Morrell v. United Air Lines Transport Corporation, D.C., 29 F.Supp. 757; Schram v. Roney, D.C., 30 F.Supp.

Elmer H. Groefsema, of Detroit, Mich., for plaintiff.

Clark C. Coulter, of Detroit, Mich., for defendant and third-party plaintiff.

Alexander, McCaslin, Cholette & Buchanan, of Detroit, Mich., for third party.

PICARD, District Judge.

The question in this case turns on the scope of Rule 14 and the limitations prescribed by Rule No. 82, Federal Rules of Civil Procedure, 28 U.S.C.A. following sec-

458; Gray v. Hartford Accident & Indemnity Co., D.C., 31 F.Supp. 299; Balcoff v. Teagarden et al., D.C., 36 F.Supp. 224; Atlantic Coast Line R. Co. v. United States F & Guaranty Co., D.C., 52 F.Supp. 177; Saunders v. Goldstein, D.C., 30 F.Supp. 150.

But as we analyze third party plaintiff's complaint in this case it does not in any way allege or claim that it would be indemnified by third party defendant if it were held liable to plaintiff. All defendant says is, "I'm not guilty but Johnson Larsen and Company is." True in its argument and briefs it talks about "indemnity" au ¹ what the law is, but there is nothing in its pleadings to substantiate its argument.

 So if we were to permit the parties to enter trial at this stage in the proceeding we would necessarily be obliged to instruct the jury that if it found third party defendant guilty of negligence and the main defendant not guilty of negligence, then plaintiff couldn't recover against the third party defendant. To hold otherwise would certainly enlarge the jurisdiction of this court by permitting a direct action by one Michigan resident against another Michigan resident.

True, Rule 14 does say (a) "who is or may be liable to him" or (b) "to the plaintiff"? But we insist that somewhere in his pleadings defendant must allege that indemnity exists or that for some reason a judgment against him must ultimately be paid by third party defendant. The rule quoted above does not say that defendant may bring in a third party, "regardless of jurisdiction" but it must be read in the light of decisions affecting diversity of citizenship and can be invoked only when it may aid in lessening the number of law suits covering the same subject matter. It was never intended to substitute one defendant for another by permitting the main defendant to maintain that he should never have been sued in the first place.

Just what can be done is clearly stated in the previous cases, but based upon the facts in those cases. To these may be added Malkin v. Arundel Corporation, D.C., 36 F.Supp. 948; Brown v. Cranston, 132 F.2d 631, 148 A.L.R. 1178; Johnson v. G. J. Sherrard Co., D.C., 2 F.R.D. 164; Herring-ton v. Jones, D.C., 2 F.R.D. 108; Sklar v. Hayes, D.C., 1 F.R.D. 594; Brady v. Black Diamond S. S. Co., D.C., 45 F.Supp. 338.

Therefore under the present pleadings we hold that the motion must be granted and third party defendant dismissed as party to this suit.