A B & C MOTOR TRANSP. CO., Inc., v. MOGER.

Civil No. 10187.

United States District Court
E. D. New York.

Dec. 15, 1950.

614

John W. Trapp, New York City, (Wilbur M. Jones, New York City, of counsel), for plaintiff.

E. Edan Spencer, New York City, (Henry Katz, New York City, of counsel), for defendant.

BYERS, District Judge.

This is a defendant's motion under Fed. Rules Civ.Proc. rule 14, 28 U.S.C.A., after service of his answer "for leave as a third party plaintiff to serve a summons and complaint upon * * *" Continental Casualty Company "not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him * * *".

The motion is opposed by voluminous and argumentative affidavits submitted ostensibly by the plaintiff on the theory that the Court rests under the duty of deciding whether the defendant has any legal basis for his third party complaint as proposed, which constitutes part of his motion papers. The opposition is cast practically as though made under Rule 56 for summary judgment.

The factual situation thus exposed is: Defendant Moger was driving a tractor owned by his employer, Chimento, and by the latter "leased" to this plaintiff, at about 2:15 A.M. on August 7, 1948, upon a highway in Connecticut, when a collision occurred with a private automobile owned and driven, respectively, by persons named Borel. Attached to the tractor was a trailer owned by the plaintiff, and the tractor and trailer were operated together at the time, in the business of the plaintiff as an interstate carrier.

As a result of the collision, litigation was instituted in a Connecticut court by Borel against the plaintiff, Chimento, and Moger, which came to trial during the latter part of May and the early days of June, 1949; during its progress the cause (which involved the husband's death and permanent injuries of the wife) was settled as to the plaintiff herein, by the payment of $6,-875.00, and in that connection counsel fees and costs amounting to $1,525.68 were incurred, making the total of $8,400.68 paid by or on behalf of this plaintiff, and the action was withdrawn as to it. The subsequent status of that cause as to Chimento and Moger does not appear.

This plaintiff then sued Moger in this cause, alleging him to be liable to indemnify it in the total sum mentioned; and as a second cause, that the accident resulted solely from Moger's negligence and carelessness, without negligence on this plaintiff's part contributing thereto.

That complaint also alleged (paragraph Tenth) that this plaintiff as defendant in the Borel case "duly tendered the defense of the Borel action * * * to defendant (Moger), his agents, representatives or insurer, but defendant wholly failed to take the same over, and defend the same on plaintiff's (A B & C etc.) behalf".

That allegation is denied in Moger's answer (paragraph 4).

One who could not see that this case is a controversy between underwriters would suffer from greatly impaired vision.

The defendant's motion is based upon the assertion that, when he was driving this equipment, he was engaged in the business of the carrier, and thus was covered by its liability insurance, and if judgment is recovered against him in this cause—upon either theory—it must eventually come out of the funds of the carrier's insurer.

If the carrier were really suing on its own behalf, it is not to be supposed that it would object to the inclusion of a third party defendant, who might be held to answer in whole or in part for the liability thus asserted against Moger; but since the proposed third party happens to be the insurer of the plaintiff, the reason for the opposition to the motion becomes apparent.

It will be seen that the core of the case is the perplexing question of whether Moger was the agent of the carrier, or of the owner of the truck, or of both (if that be possible) at the time of the accident.

It is not thought that the multitude of cases in which such a question is presented

for decision, require examination in connection with this motion, for no abstract principle of law can be deduced therefrom. The facts in each case require clear delineation as the basis of adjudication, with which statement disposition of this motion could probably rest.

In fairness to the plaintiff's written and oral contentions, however, some reference thereto is probably merited:

■ (1) Moger is not "an insured" within the Continental Policy issued to the plaintiff.

There are two bases for this assertion resting in the language of the Policy; while the terms of that document are seemingly not presently in issue, the applicability of the contract as a whole necessarily will be governed by all relevant facts connected with Moger's hiring, functioning generally and at the time in question, exercise of control over him, and the contractual relationship between Chimento and this plaintiff. (See War Emergency Co-op. Ass'n v. Widenhouse, 4 Cir., 169 F.2d 403.) Those matters cannot be established by fragmentary quotations from the relevant documents, but only through a full disclosure of the evidence.

(2) The motion is addressed to the discretion of the Court, and should be denied unless a prima facie showing is made of liability on the part of the proposed third party defendant.

■ That the motion may not be automatically granted appears from the form in which the rule is cast. Such has been the attitude of the courts in many cases, among them: General Taxicab Ass'n, Inc., v. O'-Shea, 71 App.D.C. 327, 109 F.2d 671; Baltimore & O. R. Co. v. Saunders, 4 Cir., 159 F.2d 481; Tullgren v. Jasper, D.C., 27 F.Supp. 413; Connelly v. Bender, D.C., 36 F.Supp. 368; Bull v. Santa Fe Trail Transp. Co., D.C., 6 F.R.D. 7.

However, it may be doubted whether so stringent a requirement as a prima facie showing of liability is requisite, since the granting of such a motion upon that ground might embarrass the disposition of a later motion addressed to the legal sufficiency of the evidence. I prefer to dispose of this

application according to the test of whether there is disclosed in the record as made thus far, reasonable cause to believe that the defendant may be able to establish on the part of the proposed third party defendant, such liability as the Rule contemplates.

■ Viewed in that somewhat subdued light, I think the following reasons are adequate to support the defendant's motion, as a matter of discretion:

a. He is entitled to his day in court on the question of whether he is "an insured" under the plaintiff's liability Policy, even though that was exacted by the competent regulatory bodies for the benefit of the public.

b. There has been no adjudication of negligence upon his part, for the Connecticut lawsuit was settled during trial by the plaintiff here (i.e. its insurer?). That issue having been pleaded against him in the instant complaint, he should be allowed to show, if he can, either that the driver of the private car was responsible for the accident (the modest settlement would be consistent with such a state of facts) or in the alternative, that no indemnity can be levied against him in view of the precise legal relationship existing between the insurer of the carrier, and the carrier itself.

c. The argument in the reply brief, that to import the insurance company into the case may react unfavorably to this plaintiff before a jury, is less than convincing. In this day and generation there may possibly remain a vestige of ingenuousness in the minds of jurors concerning insurance coverage of the operators of most motor vehicles, but I venture to doubt it. The current facts of life, concerning the ultimate financial responsibility involved, are pretty generally known by personal experience or the reading of newspaper and magazine advertising, on the part of those of sufficient intelligence to qualify as jurors in this Court. Indeed, the size of verdicts may not be unrelated to that awareness.

Support for this doubt may be found in the opinion of Judge Chestnut in the Tull-

gren Case, supra, 27 F.Supp. at page 416, decided eleven years ago.

d. The question of whether Moger is legally answerable to the plaintiff for the accident is too dependent upon considerations not thus far presented, to justify the employment of such terminology as primary and secondary liability in the record as now made.

The motion will, therefore, be granted, without prejudice to the plaintiff's right to assert any claims to relief in any form of which it may be advised, in the future course of this litigation.

Settle order.