**UNITED STATES v. DE HAVEN et al.**

**Civ. A. No. 1418.**

United States District Court
W. D. Michigan, S. D.

Jan. 16, 1953.

Joseph F. Deeb, U. S. Atty., and Theodore H. Elferdink, Asst. U. S. Atty., Grand Rapids, Mich., for plaintiff.

Arthur R. Sherk, Grand Rapids, Mich., for defendants.

STARR, District Judge.

The plaintiff brings this action to recover on a certain promissory note executed by defendants April 9, 1947, payable to Vander Broek Bros. Roofing Co. in the amount of $979.61, which note was endorsed and negotiated "without recourse" by the roofing company to the Commercial Credit Corporation. This note was given by defendants in payment for certain repairs and improvements made upon their home by the Vander Broek company, and after default in payment of certain monthly instalments, the Commercial Credit Corporation on December 4, 1947, assigned the note to the plaintiff, which had insured its payment by its agency, the Federal Housing Administration. 12 U.S.C.A. § 1702 et seq. In their answer filed January 3, 1950, defendants denied liability on the grounds that there was no consideration for their execution of the note; that the plaintiff had knowledge of the failure of consideration; and that plaintiff is not a holder of the note in due course. In their answer defendants alleged in substance that the roofing company breached its contract in that it failed to make the repairs and improvements to their home in a proper and workmanlike manner and that they have a claim against that company for damages.

436

On January 11, 1950, the defendants filed a motion, in pursuance of Rule 14(a) of the Federal Rules of Civil Procedure as amended, 28 U.S.C.A., for leave as third-parties plaintiff to implead Gilbert J. and Kenneth E. Vander Broek, copartners doing business as the Vander Broek Bros. Roofing Co., as third-parties defendant, on the ground that the Vander Broeks will be liable to them for all or part of the plaintiff's claim on the promissory note in question and also for additional damages. The plaintiff opposes this motion on the ground that under the facts and circumstances shown by the pleadings and the affidavit of defendant Floyd DeHaven, this is not a proper case for the impleading of third-parties defendant under Rule 14(a), and that as a matter of judicial discretion the court should deny the motion. Rule 14(a) as amended provides in part:

"Before the service of his answer a defendant may move ex parte or, after the service of his answer, on notice to the plaintiff, for leave as a third-party plaintiff to serve a summons and complaint upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him."

■ The plaintiff's claim in this action is on the promissory note executed by the defendants for money loaned to them. The defendants' asserted claim against the Vander Broeks is for damages for their alleged breach of contract in connection with the repairing and improving of defendants' home. The defendants' claim for breach of contract is separate and distinct from the plaintiff's claim on their note, and defendants' claim is not dependent upon the outcome of the present suit. Furthermore, as the Vander Broeks endorsed and negotiated the defendants' note to the Commercial Credit Corporation "without recourse," they could not be held liable for all or any part of the plaintiff's claim against the defendants. Although the Vander Broeks might be liable to the defendants for breach of contract, it is clear that they would not be liable to defendants for all or part of the plaintiff's claim on defendants' note. Therefore, to allow the impleading of the Vander Broeks as third-parties defendant would be to introduce a new and separate controversy into the present case. In Woods v. Batchelder, D.C., 8 F.R.D. 194, 195, the court said:

"The underlying policy for Rule 14 is the avoidance of multiplicity of litigation. However, the third-party procedure is not designed as a vehicle for the trying together of separate and distinct causes of action. * * *

"The trial of the third-party complaint would involve a determination of issues wholly unrelated to the issues involved in the trial of the original complaint."

A factual situation substantially similar to that in the present case was considered in United States v. Jollimore, D.C., 2 F.R.D. 148, and in refusing to allow the defendant-makers of the note to implead the original payee against whom they asserted a claim for damages for breach of contract, the court said:

"The defendants seek to join as third-party defendant the original payee of the note, against whom they assert a claim of damages for breach of warranty of the quality of the article for which the note was given.

"It is clear that no liability of the third-party defendant exists on this note to the plaintiff. * * * Any liability of the third-party defendant to the defendants is independent of the assertions of the claim of the United States and would, therefore, appear not to be a liability 'for all or part of the plaintiff's claim against him.' To allow the impleading of this third-party defendant would be to introduce a new and separate controversy into these proceedings. * * *

"The cases in which impleading a third party has been allowed have been cases where the third-party defendant is liable as a guarantor, surety, insurer, or indemnifier of the principal defendant, or in which the third-party

·defendant may be liable for causing the damage to the plaintiff, it being a factual question which of two people is responsible for a given injury. Cf. Saunders v. Goldstein, D.C., 30 F.Supp. 150; Crum v. Appalachian Electric Power Co., D.C., 29 F.Supp. 90; Kravas v. Great Atlantic & Pacific Tea Co., D.C., 28 F.Supp. 66; and Crim v. Lumbermens Mutual Casualty Co., [D.C., 26 F.Supp. 715]. It is obvious that an entirely different application of Rule 14 is sought here.

"Finally, it may be pointed out that the courts have held that the granting of a motion for leave to implead a third party is a matter of judicial discretion. General Taxicab Ass'n, Inc., v. O'Shea, 71 App.D.C. 327, 109 F.2d 671; McPherrin v. Hartford Fire Ins. Co., D.C., 1 F.R.D. 88. * * *

"In the present case, the impleading of the third-party defendant would require the trial of issues in no way involved in the controversy between the plaintiff and defendants. No greater convenience would be attained by trying the two sets of issues involved together."

In Hull v. United States Rubber Co., D.C., 7 F.R.D. 243, at pages 244 and 245, the court in considering Rule 14 said:

"It seems to this court that Rule 14 * * * means that where there is some liability over or some right to recover back from the third party, the main defendant as third party plaintiff may add him as a defendant on the ground that such third party may be held finally liable to him. * * *

"But we insist that somewhere in his pleadings defendant must allege that indemnity exists or that for some reason a judgment against him must ultimately be paid by third party defendant."

See also Lane v. Celanese Corp. of America, D.C., 94 F.Supp. 528; Saba v. Emil Katz & Co., Inc., D.C., 55 F.Supp. 1000; Brady v. Black Diamond S. S. Co., D.C.,

45 F.Supp. 338; Schram v. Roney, D.C., 30 F.Supp. 458.

The case of United States v. Pryor, D.C., 2 F.R.D. 382, cited by defendants undoubtedly supports their contention that they are entitled to implead the Vander Broeks as third-parties defendant in the present action. However, this court prefers to follow the holdings in United States v. Jollimore, supra, and other cited authorities which support the plaintiff's contention that the Vander Broeks should not be impleaded. The case of Lowry & Co., Inc., v. National City Bank of New York, D.C., 28 F.2d 895, cited by defendants does not sustain their contention, because in that case the third party who was impleaded was an indemnitor or guarantor of the principal defendant.

The court accordingly holds that the defendants are not entitled under Rule 14 to implead the Vander Broeks as third-parties defendant in the present case.

Furthermore, it has repeatedly been held that the question as to whether a third party should be impleaded on the motion of a defendant is a matter for the exercise of judicial discretion. See State of Missouri ex rel. Ward v. Fidelity & Deposit Co. of Maryland, 8 Cir., 179 F.2d 327, 333; General Taxicab Ass'n, Inc., v. O'Shea, 71 App. D.C. 327, 109 F.2d 671; Federal Deposit Ins. Corp. v. National Surety Corp., D.C., 13 F.R.D. 201; A B & C Motor Transp. Co., Inc., v. Moger, D.C., 10 F.R.D. 613; Lee's Inc. v. Transcontinental Underwriters of Transcontinental Ins. Co., D.C., 9 F.R.D. 470; Manley v. Standard Oil Co. of Texas, D.C., 8 F.R.D. 354; United States v. Jollimore, D.C., 2 F.R.D. 148; Andromidas v. Theisen Bros., D.C., 94 F.Supp. 150.

In 1 Barron & Holtzoff, Federal Practice & Procedure, § 423, pages 839, 840, it is stated:

"Whether third-party defendants may be brought in and retained in the action is ordinarily a matter addressed to the sound discretion of the trial judge. If impleading a third-party defendant would require the trial of

issues not involved in the controversy between the original parties without serving any convenience, there is no good reason to permit the third-party complaint to be filed."

In 6 Cyclopedia of Federal Procedure, 3d Ed., § 17.12, page 86, it is stated:

"The impleading of third parties in federal practice under Rule 14 as in other forums, has been said to be not mandatory but rather discretionary with the trial court. The trial judge is thus, presumably, vested with such control as the satisfactory working of the Rule demands. Such leave, it has been said, should be granted only if it will result in simplifying procedure, expedite the litigation and reduce expenses."

In the present case the issues of fact and law in connection with plaintiff's claim on defendants' promissory note are entirely different from the issues of fact and law which would be involved in connection with the defendants' claim against the Vander Broeks for breach of contract. The plaintiff was not a party to the contract between the defendants and the Vander Broeks for the repairing and improving of the defendants' home. The principal issue in the plaintiff's present action against the defendants is whether the plaintiff is a holder of defendants' promissory note in due course. The defendants' claim against the Vander Broeks for damages is in no way ancillary to the plaintiff's suit on the note in question. The third-party procedure provided by Rule 14 was not designed as a vehicle for the trying together of separate and distinct causes of action. Furthermore, in actions by the government to recover money loaned to home owners for the repair of their homes, the Federal courts should not be burdened with disputes and litigation between the home owners and the contractors or builders who made the repairs. The court is convinced that under the facts and circumstances in the present case defendants' motion to implead the Vander Broeks should be denied.

For the reasons herein stated, defendants' motion for leave as third-parties plaintiff, to serve a summons and complaint upon the Vander Broeks as third-parties defendant, is denied and an order will be entered accordingly. No costs will be allowed in connection with this motion.