## WADE v. PASTOR.

No. 1467.

Municipal Court of Appeals for the District of Columbia.

Argued March 15, 1954.

Decided April 21, 1954.

8. Potomac Chemical Co. v. Chapman, 79 U.S.App.D.C. 299, 146 F.2d 664, certiorari denied 324 U.S. 881, 65 S.Ct. 1028, 89 L.Ed. 1432.

Richard V. Waldron, Washington, D. C., for appellant.

James A. Crooks, Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

Appellant Wade was the payee of a promissory note made by Hurtz. She endorsed and sold the note to appellee Pastor who in turn sold the note, endorsing it without recourse, to Dawson. Dawson filed suit on the note against Hurtz and Wade. Wade filed a third-party complaint against Pastor, alleging that a fiduciary relationship existed between her and Pastor and that Pastor had violated that relationship and had obtained a secret profit in the purchase and resale of the note. The third-party complaint asked that any sums adjudged in favor of Dawson against Wade be adjudged in Wade's favor against Pastor.

After trial judgment was awarded in favor of Dawson against Hurtz. No recovery was allowed Dawson against Wade and no recovery was allowed Wade on her third-party complaint against Pastor. Wade alone has appealed and alleges error in denying her recovery on her third-party complaint.

Unfortunately the record does not disclose the grounds upon which the court denied recovery by Dawson against Wade or recovery by Wade against Pastor, but Pastor's brief makes this statement: "The Trial Court found in favor of the defendant Wade in the main action because the plaintiff, as holder of the note, had failed to give notice of default to the endorser Wade as provided by the Negotiable Instruments Law, resulting in the defendant Wade being absolved of any liability to plaintiff and, hence, the third-party action failed." Appellant has not contradicted this statement and we consider the case as one where there was no adjudication on the merits of the third-party complaint, but in effect a dismissal without prejudice. As thus considered, the question presented is whether appellant was entitled to a determination of her claim asserted against the third-party defendant.

The main action was on a promissory note and Wade as endorser was a defendant. By her third-party complaint she alleged that Pastor, in violation of his fiduciary relationship to her, had purchased the note from her and obtained a secret profit by reselling the note. She asked for judgment against Pastor "for such sums as the Court shall determine," and that any sums adjudged against her in the main action be adjudged in her favor against Pastor. Since she was completely exonerated in the main action, did she have a right to insist that her claim against Pastor be tried and determined?

Perhaps the basic question is whether the third-party complaint was properly allowed to be filed. The trial court's Rule 14, like Fed.R.Civ.P. 14, 28 U.S.C.A., permits a defendant to bring in a third-party defendant "who is or may be liable to him for all or part of the plaintiff's claim against him." The claim of the plaintiff here against Wade was on a promissory note Wade had endorsed. Pastor was an endorser subsequent to Wade and his endorsement was without recourse. Pastor had no liability on the note and it is difficult to see how Pastor could be liable to Wade for all or part of Wade's liability on the note. Basically Wade's liability to pay arose not from any action of Pastor but from the failure of Hurtz, the maker of the note, to pay.

■ If Pastor had accounted to Wade for the profit he made on the purchase and sale of the note, as Wade claims he should have done, this would have affected in no way Wade's liability on the note. And if Hurtz, the maker of the note, had paid it,

this would not have affected Wade's claim against Pastor. Thus, Pastor's liability, if any, to Wade was in no way contingent on the outcome of the main action. This is made quite evident by the fact that although Wade was completely exonerated from liability in the main action, she now wishes to press her claim against Pastor. Our conclusion is that although Pastor may be liable to Wade for breach of a fiduciary relationship, he could not have been liable to Wade for all or part of the claim against her on the note, and permission to file the third-party complaint was improvidently granted.[1]

Appellant makes the argument that the third-party complaint, whether properly allowed or not, was permitted to be filed without objection from the third-party defendant, and that the court having assumed jurisdiction of the third-party complaint was under a duty to proceed with it to final determination. It is well settled that the grant of permission to file a third-party complaint is discretionary with the trial court. It seems to us that the court has the same discretion to vacate the allowance of a third-party complaint when it is made to appear that the allowance was improvidently granted,[2] or when, as here, the main action is completely adjudicated without affecting the third-party complaint and the issue raised by the third-party complaint presents a separate and independent controversy which may just as well be tried in a separate action.[3] We find no abuse of discretion by the trial court in refusing to adjudicate the third-party complaint.

As previously stated, we have considered this case as one in which there was no adjudication on the merits of the third-party complaint. However, the record shows entry of finding and judgment in favor of the third-party defendant. Without an adjudication on the merits, this entry

was improper. The third-party complaint should have been dismissed without prejudice.

Remanded with instructions to vacate the finding and judgment on the third-party complaint, and to enter the same dismissed without prejudice.

---

1. See United States v. De Haven, D.C.W. D.Mich., 13 F.R.D. 435; United States v. Jollimore, D.C.Mass., 2 F.R.D. 148; Liberty Mut. Ins. Co. v. Vallendingham, D.C. D.C., 94 F.Supp. 17.

2. Bill Curphy Co. v. Lincoln Bonding & Insurance Co., D.C.Neb., 13 F.R.D. 146.

3. Duke v. Reconstruction Finance Corp., 4 Cir., 209 F.2d 204; State of Maryland, to Use and Benefit of Wood v. Robinson, D.C.Md., 74 F.Supp. 279.