**GENERAL ELECTRIC COMPANY,**
**Appellant,**

v.

**Robert IRVIN and Mason & Dixon Lines,**
**Inc., Appellees.**

**No. 13798.**

United States Court of Appeals
Sixth Circuit.

Jan. 13, 1960.

---

John H. Doughty, Knoxville, Tenn. (Hodges, Doughty & Carson, Knoxville, Tenn., and Phillips & Hale, Rogersville, Tenn., on the brief), for appellant.

Ernest F. Smith and William H. Cate, Kingsport, Tenn. (Ben C. Davis, of Penn, Hunter, Smith & Davis, Kingsport, Tenn., on the brief), for appellees.

Before McALLISTER, Chief Judge, and MARTIN and CECIL, Circuit Judges.

## PER CURIAM.

Robert Irvin, an employee of Mason & Dixon Lines, Inc., filed his complaint against the General Electric Company for damages resulting from injuries claimed to have been caused by its negligence. The alleged negligence consisted of improper loading of large electric transformers in the truck and trailer of the Mason & Dixon Lines, Inc., which the employee, Irvin, was driving at the time his injuries occurred. It appeared that the transformers, weighing several thousands of pounds, were required to be loaded, under the rules and regulations of the Interstate Commerce Commission, by the shipper, General Electric, or the consignee. In this case, General Electric undertook the loading. Irvin, the injured employee, set forth, in his complaint, that the transformers were placed in the truck and trailer in such a way that the load became top-heavy, that large open spaces were left in the trailer, so that the transformers could tilt or shift about; that by failing to brace and secure the transformers so as to make the load safe for over-the-road transportation, the truck and trailer overturned when Irvin was driving around a curve; and as a result of the negligence of General Electric, the driver was thrown in such a way that he received grave injuries.

Irvin filed his complaint, on April 26, 1958, in the Circuit Court of Hawkins County, Tennessee. On May 26, 1958, the case was removed by General Electric to the District Court for the Eastern District of Tennessee, Northeastern Division. On June 11, 1958, General Electric filed its answer, in the District Court, to Irvin's complaint. On September 15, 1958, General Electric, proceeding under Rule 14(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A., moved for, and obtained an order to bring the Mason & Dixon Lines, Inc., into this action, as a third-party defendant.

On October 2, 1958, the original plaintiff, Robert Irvin, filed a motion to dismiss the third-party complaint, because of General Electric's non-compliance with Rule 14(a) of the Federal Rules of Civil Procedure. This rule provides that a defendant, after service of his answer, may move the court, on notice to the plaintiff for leave, as a third-party plaintiff to serve a summons and complaint upon a person, not a party to the action, who is or may be liable to him for all or part of the plaintiff's claim against him.[1]

In this case, General Electric, defendant in the original case, had filed its answer, before it made the motion, ex parte, for leave to join the Mason & Dixon Lines, Inc., as a third-party defendant. Since the original plaintiff had not received notice of the motion, in conformity with Rule 14(a), plaintiff's motion to dismiss the third-party complaint was based upon such non-compliance with the Rule. On the same day that the original plaintiff had filed his motion to dismiss the third-party complaint on ground of non-compliance with the Rule, the newly impleaded third-party defendant, Mason & Dixon Lines, Inc., moved to dismiss the third-party complaint on the ground that it did not state a cause of action.

On October 7, 1958, the District Court heard the two motions to dismiss the third-party complaint—that of the original plaintiff on the ground of defendant's non-compliance with Rule 14(a); and that of the newly impleaded third-party defendant, on the ground that the third-party complaint did not state a cause of action.

---

[1] Rule 14(a), insofar as it is here applicable, provides:

"(a) When Defendant May Bring in Third Party. Before the service of his answer a defendant may move ex parte or, after the service of his answer, on notice to the plaintiff, for leave as a third-party plaintiff to serve a summons and complaint upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him."

On October 7, 1958, the District Court dismissed the third-party complaint, on the ground that it did not state a cause of action, and also on the ground of non-compliance with Rule 14(a) of the Federal Rules of Civil Procedure.

General Electric, the original defendant—as well as third-party plaintiff—had anticipated that the District Court would sustain the original plaintiff's motion to dismiss the complaint on the ground of non-compliance with Rule 14(a). Accordingly, on October 3, 1958, General Electric had served notice of a motion on the original plaintiff to the effect that it would appear before the court and ask leave to file a third-party complaint against the Mason & Dixon Lines, Inc. By serving notice on the plaintiff that it would ask leave to file the complaint, General Electric was complying with Rule 14(a). But it was now fairly late in the proceedings; and when the motion was presented to the court, on October 7, 1958, three days before the case was set for trial, Judge Edgar S. Vaught, sitting by designation in the Eastern District of Tennessee, overruled the motion, saying: "You see, gentlemen, this case is set for Friday. Certainly, the pleadings should have been pleaded before that time. I discussed these matters with Judge Taylor, and he is very anxious that this docket be tried."

It appears that, after the District Court overruled the motion for leave to file the third-party complaint, the original plaintiff moved to withdraw his motion to dismiss the third-party complaint. But the motion to dismiss had already been granted, and the third-party complaint had been dismissed by the court, so there was nothing further in this regard for the court to act upon. Plaintiff's motion to withdraw was accordingly denied.

■ The controlling issue in this case is whether the District Court erred in denying leave to General Electric, as a third-party plaintiff, to serve a summons and complaint upon the Mason & Dixon Lines, Inc., as a third-party defendant, under Rule 14(a) of the Federal Civil Rules of Procedure. It is to be observed that the case had been at issue since June 11, 1958, on complaint filed by Irvin, and answer filed by the General Electric Company. The District Court was not asked for leave to implead Mason & Dixon Lines, Inc., as third-party defendant—with notice to the plaintiff—until October 7, 1958, three days before the case had been set for trial. The issues raised by the third-party complaint were rather complicated. If the case were to be tried at the September session—on October 10, 1958, when it was set for trial—the third-party defendant, suddenly impleaded, would presumably be deprived of opportunity for adequate preparation for trial. Leave to implead a third-party defendant, under Rule 14(a), is within the discretion of the court. General Taxicab Ass'n v. O'Shea, 71 App.D.C. 327, 109 F.2d 671. A motion to file a third-party complaint being a matter addressed to the discretion of the trial court, its ruling thereon will not be disturbed on appeal in absence of abuse of discretion. State of Missouri ex rel. Ward v. Fidelity & Deposit Co. of Maryland, 8 Cir., 179 F.2d 327; Duke v. Reconstruction Finance Corporation, 4 Cir., 209 F.2d 204; and the timeliness of the motion is an urgent factor governing the exercise of such discretion. Union National Bank of Youngstown, Ohio v. Superior Steel Corporation, D.C.Pa.1949, 9 F.R.D. 124.

■ There was no abuse of discretion on the part of the District Court in denying appellant's motion for leave to implead Mason & Dixon Lines, Inc., as a third-party defendant.

■ General Electric also has appealed from the judgment dismissing the third-party complaint, which it had filed without notice to the original plaintiff. Failure to serve such notice upon the plaintiff after answer had been filed to the original complaint, resulted in non-compliance with Rule 14(a) governing

third-party practice. Since this rule had not been complied with, there was no error on the part of the District Court, in dismissing the third-party complaint. Since such complaint was properly dismissed, it is unnecessary for us to consider whether the third-party complaint stated a cause of action, or whether the District Court was correct in also dismissing such third-party complaint, on the ground that it failed to state a cause of action. We are, therefore, not called on to pass upon the various interesting questions considered by the court in General Electric Company v. Moretz (Mason & Dixon Lines, Inc.) 4 Cir., 270 F.2d 780. There was sufficient ground in law to dismiss, and we need not here be concerned as to whether or not it was correct to dismiss on an additional ground, since, in no event, would that constitute reversible error.

■■ It is finally contended that the District Court erred in denying the original plaintiff's motion to withdraw his motion to dismiss the third-party complaint. Prior to plaintiff's motion to withdraw his motion to dismiss, the District Court had granted his motion, and had dismissed the third-party complaint. It is claimed that the court abused its discretion in denying the motion to withdraw the motion to dismiss, since no prejudice would have resulted to Mason & Dixon Lines, Inc. It would ordinarily appear that, if Mason & Dixon Lines, Inc., were obliged to go to trial, within three days of being suddenly impleaded as a third-party defendant, it would have been under great disadvantage and would suffer prejudice; and if leave to implead such third-party defendant would require the court to adjourn the trial beyond the term, such result would justify the court in denying leave to implead. The fact that allowance of a defendant's motion, to bring in third persons as third-party defendants, would necessitate the adjournment of trial beyond the term, is sufficient to deter the court from granting the motion. Bull v. Santa Fe Trail Transportation Company, D.C.Neb.1946, 6 F.R.D. 7. There

was no abuse of discretion in the court's denial of the motion.

In accordance with the foregoing, the judgment of the District Court is affirmed.