Robert Lee DIXON and Emily F. Dixon,
Appellants,

v.

FRANKLIN INVESTMENT COMPANY, Inc.,
Appellee.

No. 4117.

District of Columbia Court of Appeals.

Submitted May 20, 1968.

Decided June 25, 1968.

Dovey J. Roundtree and Alan V. Rober-
son, Washington, D. C., were on the brief,
for appellants.

Bernard D. Lipton, Washington, D. C.,
was on the brief, for appellee.

Before MYERS, KELLY and FICK-
LING, Associate Judges.

KELLY, Associate Judge:

On January 5, 1966, appellee Franklin
Investment Company, Inc., sued appellants
for the balance due on a promissory note
securing a conditional sales contract for
the purchase of a 1960 Pontiac. Answers
were filed May 17. In the interim appel-
lants brought an independent action against
Bankers Mutual Insurance Co. to recover
the value of the car which they claimed had
been stolen and totally demolished by acci-
dental fire.[1] An oral motion to consolidate
the two suits was denied June 7, when this
case was first called for trial. On July 18,
1966, the continued date for trial, a pend-
ing motion, filed June 17, to add Bankers
Mutual Insurance Co. as a third-party de-
fendant was denied. At the conclusion of
the evidence the court found for appellee
upon the note, to which appellants admitted-
ly had no defense. The sole question on
appeal is whether it was an abuse of dis-
cretion to deny the motion to add a third-
party defendant.

GS Rule 14(a) provides that

\* \* \* At any time after commence-
ment of the action a defending party, as
a third-party plaintiff, may cause a sum-
mons and complaint to be served upon
a person not a party to the action who
is or may be liable to him for all or part
of the plaintiff's claim against him. The
third-party plaintiff need not obtain leave
to make the service if he files the third-
party complaint not later than 10 days
after he serves his original answer. Oth-

---

1. This action is still pending below.

erwise he must obtain leave on motion upon notice to all parties to the action. * * *

■■ The grant or denial of a motion under this rule to add a third-party defendant is discretionary with the court, Wade v. Pastor, D.C.Mun.App., 104 A.2d 414, 416 (1954); cf. General Electric Co. v. Irvin, 274 F.2d 175 (6th Cir. 1960); General Taxicab Ass'n v. O'Shea, 71 App.D.C. 327, 109 F.2d 671 (1940); United States v. De Haven, 13 F.R.D. 435 (W.D.Mich.1953), and while an abuse of that discretion is alleged here, the claim is vague and without support in the record. First, the motion was not accompanied by a third-party com-plaint as is required.[2] Second, it was not presented in orderly fashion to the motions court prior to trial so that had it been granted, a further delay of trial would have resulted.[3] Finally, as far as we can ascertain the proposed third-party action presents a separate and independent controversy in which a third-party defendant with no secondary liability on the note in question could only be primarily liable to third-party plaintiffs on a wholly different cause of action.[4] Given these circumstances, it was well within the discretion of the trial court to deny appellants' motion to add a third-party defendant.

Affirmed.

2. Ivey v. Daus, 17 F.R.D. 319 (S.D.N.Y. 1955).

3. General Electric Co. v. Irvin, 274 F.2d 175 (6th Cir. 1960).

4. See General Taxicab Ass'n v. O'Shea, 71 App.D.C. 327, 329, 109 F.2d 671, 673 (1940); United States v. De Haven, 13 F.R.D. 435 (W.D.Mich.1953); Liberty Mut. Ins. Co. v. Vallendingham, 94 F. Supp. 17 (D.D.C.1950); Wade v. Pastor, D.C.Mun.App., 104 A.2d 414 (1954).