In re CHEMICAL SEPARATIONS CORPORATION, Debtor.

CHEMICAL SEPARATIONS CORPORATION, Plaintiff,

v.

INTERNATIONAL SALT COMPANY, Defendant.

Bankruptcy No. 3–82–01569.
Adv. No. 3–83–0526.

United States Bankruptcy Court,
E.D. Tennessee.

Oct. 6, 1983.

See also Bkrtcy., 36 B.R. 138.

John A. Walker, Jr., Mary C. Walker, Knoxville, Tenn., for plaintiff.

Hodges, Doughty & Carson, Robert R. Campbell, William F. Alley, Jr., Knoxville, Tenn., for third-party defendant Foster Wheeler Corp.

Egerton, McAfee, Armistead & Davis, P.C., Celeste H. Herbert, Knoxville, Tenn., for defendant Rohm and Haas Co.

## MEMORANDUM AND ORDER DENYING MOTION TO FILE THIRD-PARTY COMPLAINT

CLIVE W. BARE, Bankruptcy Judge.

The allowance of a third-party complaint, pursuant to Bankruptcy Rule 7014, against the majority shareholder of the debtor by the recipient of an allegedly preferential transfer, 11 U.S.C.A. § 547 (1979), is at issue.

Chemical Separations Corporation (Chem Seps) filed its chapter 11 bankruptcy petition on October 15, 1982. As a debtor in possession Chem Seps filed a complaint on June 2, 1983, against International Salt Company. Chem Seps alleges all the elements necessary to constitute a preferential

transfer, 11 U.S.C.A. § 547(b) (1979), in connection with its payment of $21,283.27 to defendant on September 2, 1982.

In its answer of August 5, 1983, defendant denies both the alleged insolvency of Chem Seps at the time of the transfer and that the transfer enabled it to receive more than it would have received if: (1) the case was a case under chapter 7; (2) the transfer had not been made; and (3) defendant received payment to the extent allowable under the provisions of the Bankruptcy Code. Further, defendant contends that the transfer is unavoidable because: (1) the transfer was intended to be, and was in fact, a contemporaneous exchange for new value given to Chem Seps, 11 U.S.C.A. § 547(c)(1) (1979); and (2) defendant's waiver of its lien, in consideration of the $21,283.27 payment by Chem Seps, constitutes new value not secured by an otherwise unavoidable security interest and on account of which Chem Seps did not make an otherwise unavoidable transfer to or for the benefit of defendant, 11 U.S.C.A. § 547(c)(4) (1979).

On September 20, 1983, defendant filed a motion requesting permission to join Foster Wheeler Corporation, which owns approximately 88% of the outstanding shares of common stock in the debtor, as a third-party defendant. According to defendant, its third-party complaint against Foster Wheeler and the complaint of Chem Seps involve mutual issues of fact arising out of the same transactions. Further, defendant maintains that Foster Wheeler will not be prejudiced by joinder herein since it has had notice of similar claims against it by other creditors. Defendant also alleges that Foster Wheeler has disregarded the corporate form and separateness of Chem Seps. Alleging that Chem Seps is merely the alter ego of Foster Wheeler, defendant asks the court to combine the assets of the two corporations for the purpose of determining whether Chem Seps was insolvent on the date of the allegedly preferential transfer. Defendant also avers that promises and representations assuring payment to some or all of the Chem Seps creditors have been made by Foster Wheeler and that creditors have relied upon those promises and representations in continuing to extend credit to Chem Seps.

Bankruptcy Rule 7014 provides for the application in adversary proceedings of Fed.R.Civ.P. 14, which provides in part:

(a) *When Defendant May Bring in Third Party.* At any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him. The third-party plaintiff need not obtain leave to make the service if he files the third-party complaint not later than 10 days after he serves his original answer. Otherwise he must obtain leave on motion upon notice to all parties to the action. The person served with the summons and third-party complaint ... [is] called the third-party defendant.... The third-party defendant may assert against the plaintiff any defenses which the third-party plaintiff has to the plaintiff's claim. The third-party defendant may also assert any claim against the plaintiff arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third-party plaintiff. The plaintiff may assert any claim against the third-party defendant arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third-party plaintiff, and the third-party defendant thereupon shall assert his defenses ... and his counterclaims and cross-claims.... Any party may move to strike the third-party claim, or for its severance or separate trial. A third-party defendant may proceed under this rule against any person not a party to the action who is or may be liable to him for all or part of the claim made in the action against the third-party defendant.

Generally, the purpose of this rule is to eliminate duplicative suits by disposing of multiple claims arising from a single, or closely related, set of facts. *See Dery v.*

*Wyer*, 265 F.2d 804 (2d Cir.1959). Granting permission to prosecute a third-party action is, however, a matter committed to the discretion of the trial court. *Farmers and Merchants Mut. Fire Ins. Co. v. Pulliam*, 481 F.2d 670 (10th Cir.1973); *General Elec. Co. v. Irvin*, 274 F.2d 175 (6th Cir.1960).

■ Defendant asserts that it is entitled to relief from Foster Wheeler because: (1) the corporate integrity of Chem Seps has been disregarded and the value of the assets of Foster Wheeler should be added to those of the debtor to determine whether Chem Seps was insolvent at the time of the transfer; and (2) Foster Wheeler made representations assuring payment of the debts of Chem Seps to some creditors who detrimentally relied upon such representations. These assertions interject issues wholly unrelated to the Chem Seps complaint to recover an alleged preferential transfer. Assuming arguendo that Chem Seps is the alter ego of Foster Wheeler, only the assets of the debtor, Chem Seps, are considered in determining whether it was insolvent when the transfer was made. 11 U.S.C.A. § 547(b)(3) (1979). Foster Wheeler has not filed a petition in bankruptcy; the value of Foster Wheeler's assets is not a factor with respect to the solvency or insolvency of Chem Seps.

■ Defendant's claim against Foster Wheeler is essentially reduced to an action to recover on the basis of detrimental reliance or misrepresentation. It is not appropriate to adjudicate those questions in the instant preference action. To do so would likely only further delay trial of the Chem Seps action.[1]

Defendant's motion to join Foster Wheeler Corporation as a third-party defendant is DENIED.

IT IS SO ORDERED.

See also Bkrtcy., 36 B.R. 136.

---

1. Trial was originally scheduled for August 8, 1983. Upon defendant's motion, the court extended the time for defendant's response to the complaint and converted the August 8th hearing to a pre-trial conference. November 1, 1983, is the rescheduled date for trial.