## UNITED STATES v. HECHT et al.
### Civ. No. 6111.

United States District Court
N. D. Ohio, W. D.
May 31, 1949.

See also 9 F.R.D. 340.

Don C. Miller, United States Attorney, Cleveland, Ohio, Marcus L. Friedman, Assistant United States Attorney, Toledo, Ohio, for plaintiff.

Ivo J. Flory, Toledo, Ohio, Joseph Nathanson, Toledo, Ohio, for defendants.

KLOEB, District Judge.

This is a suit by the plaintiff as the holder of a note executed by the defendants, dated March 15, 1948, to the White Construction Company for $603.65, upon which the plaintiff claims a balance due of $529.-25, with interest at 6% from May 15, 1948. As stated in the memorandum of counsel for the plaintiff, the note was acquired by the plaintiff pursuant to the provisions of Title 12 U.S.C.A. § 1703, having been purchased by the Federal Housing Authority under Title I of the National Housing Act as a property improvement loan.

The motion before the Court was filed by the defendants for leave to file answer and cross-petition making the Lucas County Bank a new party defendant on the ground that defendants had a valid defense against the bank, and that the bank is a necessary and proper party to the full and complete determination of the rights of the defendants in the action.

The memorandum in support of the motion states that payment of the claim evidenced by the note was made to the White Construction Company, payee of the note

340

sued upon, prior to its transfer to the Lucas County Bank; that the defendants have been unable to inspect the papers signed by them in connection with their dealings with the White Construction Company, but believe that the signatures on the note were forged or procured by trick, and that the only papers signed by them were the original contract and credit application; that the bank failed to comply with the requirements of Title I of the National Housing Act as amended, and was not the bona fide holder of the note by reason thereof; that William Thompson, who, as general manager, executed the transfer of the note sued upon, was a notorious crook, and that recent investigation by the bank would have disclosed that fact; that such negligence and failure to investigate on the part of the bank deprives it of its rights as a holder in due course and prevents it from asserting any claim by way of insurance under the National Housing Act.

The motion does not raise any question affecting the rights of the plaintiff upon the cause of action sued upon.

As to the right of the defendants to bring in the Lucas County Bank as a third party defendant, that subject is covered by Rule 14(a) Federal Rules Civil Procedure, 28 U.S.C.A., which provides:

"(a) When Defendant May Bring in Third Party. Before the service of his answer a defendant may move ex parte or, after the service of his answer, on notice to the plaintiff, for leave as a third-party plaintiff to serve a summons and complaint upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him. * * *"

Form 22 in the Appendix to the rules is a form of motion to bring in a third party defendant, and Exhibit A to Form 22 consists of a form of summons and third party complaint.

Considering the defendants' motion as a motion for leave as a third party plaintiff to serve a summons and complaint upon the Lucas County Bank as a third party defendant, the rule seems to require the granting of the motion, and it will be so ordered.