**UNITED STATES v. HECHT et al. (LUCAS COUNTY BANK, Third-Party Defendant).**

**Civ. No. 6111.**

United States District Court
N. D. Ohio, W. D.

Aug. 17, 1949.

Don C. Miller, United States Atty., Cleveland, Ohio, Marcus L. Friedman, Asst. U. S. Atty., Toledo, Ohio, for plaintiff.

Ivo J. Flory, Toledo, Ohio, Joseph Nathanson, Toledo, Ohio, for defendants.

KLOEB, District Judge.

This matter came up before the Court some time ago on the motion of the defendants Hecht for leave to file answer and cross petition making new party defendant. Considering the motion as a motion for leave as a third party plaintiff to serve a

summons and complaint upon the Lucas County Bank, as a third party defendant, as provided in Rule 14(a), Federal Rules Civil Procedure, 28 U.S.C.A., the Court granted the motion. D.C. 9 F.R.D. 339.

The matter now comes up on the motion of the third party defendant, The Lucas County Bank, to dismiss the complaint of the third party plaintiffs, Harry Hecht and Eleanor Hecht, on the ground that the complaint fails to state a claim against it upon which relief can be granted and that it does not conform to Rule 8(e) R.C.P., and also to vacate the order granting leave to said defendants, as third party plaintiffs, to file the third party complaint.

The third party complaint contains the allegation (par. 3) that the defendants Hecht are entitled to recover from the defendant, The Lucas County Bank, all that the United States of America may recover from these defendants Harry Hecht and Eleanor Hecht, or which the United States of America is entitled to recover from the Lucas County Bank and not from defendants Harry Hecht and Eleanor Hecht. It is further alleged (pars. 5, 6, and 7) that the defendants Hecht advised the bank that the note sued upon was without consideration and that payment had been made to the White Construction Company prior to the date of the note, that these facts were known to the bank at the time the original note described in the petition was received by it from the White Construction Company, and that it was not a holder in due course or in good faith. The prayer of the complaint is that Harry Hecht and Eleanor Hecht, as third party plaintiffs, have judgment against The Lucas County Bank, third party defendant, for all sums which may be adjudged against them, as defendants, in favor of the plaintiff United States of America.

Under the provisions of Rule 14(a), the plaintiff may assert any claim against the third party defendant arising out of the transaction or occurrence that is the subject matter of plaintiff's claim against the third party plaintiff.

Whatever the facts are which may be developed on the trial of this case, it would seem that the allegations of the third party complaint are such that they bring this case within the provisions of Rule 14(a), R.C.P., and that the Court cannot decide the issues as a matter of law on the pleadings as they now stand. The motion of The Lucas County Bank should be overruled.