**UNITED STATES of America,**
**Plaintiff,**

v.

**Agnes SCOTT and Ann Yereance, Defendants and Third-Party Plaintiffs,**

**TILO ROOFING COMPANY, Inc., and Stratford Credit Corporation, Third-Party Defendants.**

United States District Court
S. D. New York.

May 26, 1955.

were so improperly made that the owners suffered $3,000 damages.

J. Edward Lumbard, U. S. Atty., by William Koerner, Asst. U. S. Atty., New York City, for plaintiff.

Charles H. Ellner, Jamaica, N. Y., for defendant.

Allen E. Pusar, New York City, for third party defendant Tilo Roofing Co.

BONDY, Chief Judge.

This is a motion by the third-party defendants, Tilo Roofing Company, Inc. and Stratford Credit Corporation, to dismiss the third-party complaint of the defendants and third-party plaintiffs, Agnes Scott and Ann Yereance. The complaint alleges that the defendants executed their promissory note on September 7, 1949, payable to Tilo's order pursuant to a contract for the improvement by Tilo of premises in which the defendants Scott and Yereance together with five others had an interest, that said note was duly negotiated without recourse by Tilo to the third-party defendant Stratford, and that upon a default in payment Stratford assigned and transferred the note to the F.H.A. which had insured the payment thereof. The defendants allege in answer to the complaint that plaintiff is not a holder in due course (which plaintiff admits), and that plaintiff does not derive its title to the note through a holder in due course. The third-party complaint alleges that Tilo procured the note through fraud on the part of its salesman who falsely represented to defendants that they were only signing an "estimate", that Stratford, a wholly owned subsidiary of Tilo, was not a holder in due course because it received the note without giving value and with knowledge of Tilo's fraud, that Tilo repaired the premises without knowledge of the defendants or any of the other owners, and that the repairs

The third-party defendants move to dismiss the third-party complaint as improper under Rule 14(a), Fed.Rules Civ.Proc. 28 U.S.C.A. That the third-party complaint cannot be sustained under Rule 14(a) because it does not state that the third-party defendants are liable over to the defendants for plaintiff's claim against them is untenable. This in effect is stated in the third-party complaint in that judgment is demanded against the third-party defendants in favor of defendants for whatever sum plaintiff recovers judgment against defendants in the action on the note. See United States v. Hecht, D.C., 9 F.R.D. 340. That the third-party complaint cannot be sustained under Rule 14(a) because it alleges a completely different claim from that alleged in the complaint presents the issues: whether or not in an action on a note the maker can implead the payee to recover whatever the holder recovers from the maker on the ground that the payee obtained the note through fraud; and whether or not in an action on a note the maker can implead the payee to recover damages for breach of contract or tort. Since plaintiff is admittedly not a holder in due course, it can recover on the note only if it derived its title to the note through a holder in due course, the determination of which may require a consideration of the circumstances under which Tilo obtained the note. This determination is, of course, also involved in deciding whether or not defendants should recover from the third-party defendants whatever plaintiff recovers on the note from defendants. Consequently, to deny impleader as to recovery over would unnecessarily increase the time and expense of this litigation. See United States v. Hecht, supra; 3 Moore, Federal Practice, par. 14.07 (2d ed.). But see United States v. Dobrowolski, D.C.,

16 F.R.D. 134; United States v. De Haven, D.C., 13 F.R.D. 435. However, to allow impleader for the recovery of damages would not serve the purposes of impleader for it would introduce a completely separate and distinct cause of action involving the issue of whether or not Tilo made the repairs improperly. See United States v. De Haven, supra; La Salle Co. v. Kane, D.C., 8 F.R.D. 625; United States v. Jollimore, D.C., 2 F.R.D. 148. But see United States v. Pryor, D.C., 2 F.R.D. 382. As Moore states, "a defendant cannot assert an entirely separate claim against a third party under Rule 14, even though it arises out of the same general set of facts as the main claim; there must be an attempt to pass on to the third-party all or part of the liability asserted against the defendant." 3 Moore, Federal Practice, supra, at 418–419.

Accordingly, the third-party defendants' motion to dismiss the third-party complaint is denied as to the claim for recovery from the third-party defendants whatever the plaintiff recovers from the defendants on the note, and is granted as to the claim for $3,000 damages.