UNITED STATES of America, Plaintiff,

v.

J. D. MULLINS, Jr., and Emily J. Mullins, Defendants, Counterclaimants and Claimants against Third-Party Defendants,

v.

The DOMINION NATIONAL BANK, Bristol, Virginia, and Lawrence Warehouses, Incorporated c/o John C. Goddin, Registered Agent Insurance Building, Richmond 19, Virginia.

In the Matter of TRI-STATES AUTOMOTIVE WAREHOUSE, INC., Bankrupt.

Civ. A. No. 995,
Bankruptcy No. 2169.

United States District Court
W. D. Virginia,
at Abingdon.
April 14, 1964.

H. Garnett Scott, Asst. U. S. Atty., Roanoke, Va., for plaintiff.

H. Clyde Pearson, Hopkins, Pearson & Engleby, Roanoke, Va., for defendants J. D. Mullins, Jr., and Emily J. Mullins.

Wilbur L. Hazlegrove, Hazlegrove, Shackelford & Carr, Roanoke, Va., for defendant Dominion Nat. Bank.

Erwin S. Solomon, Warm Springs, Va., for defendant Lawrence Warehouses, Inc.

MICHIE, District Judge.

The United States of America made a loan through its Small Business Administration, hereinafter called SBA, under the Act authorizing small business loans, to Tri-States Automotive Warehouse, Inc. of Bristol, Virginia, hereinafter called Tri-States, evidenced by a note and guaranteed by J. D. Mullins, Jr. and Emily J. Mullins, hereinafter called the Mullins. Tri-States defaulted in its payments and on October 20, 1962 the United States brought suit against the Mullins for the sum of $92,647.40 plus interest thereon. The Mullins filed a counterclaim against the United States and impleaded the then Dominion National Bank (subsequently merged with the First National Exchange Bank of Roanoke), hereinafter (whether before or after merger) called the Bank, and Lawrence Warehouses, Incorporated, hereinafter called Lawrence, as third party defendants. The counterclaim and the third party complaint alleged that the SBA, the Bank and Lawrence unlawfully froze the assets of Tri-States, thus forcing it into bankruptcy whereby the Mullins lost their investment in Tri-States in the amount of $150,000.00 and on account of their guarantee of the note were faced with bankruptcy themselves. They asked for $250,000.00 actual damages and $250,-000.00 exemplary damages from the Bank and Lawrence Warehouses and the same amounts from the United States also.

On April 29, 1963 the Mullins filed a petition in the Tri-States Bankruptcy alleging substantially the same facts alleged by them in their counterclaim and third party complaint in the suit brought by the United States against them and asking that the Trustee in the Tri-States Bankruptcy be directed to intervene in the main suit and assert the claim which they alleged Tri-States had against the Bank, Lawrence and the Small Business Administration. The Referee in Bankruptcy, after holding an informal conference with the attorneys for the petitioners and after consultation with the Trustee, directed that the Trustee should not intervene in the main suit and the petitioners filed a petition for review of the Referee's decision.

The Bank was made a third party defendant by order of the court entered May 8, 1963 and on May 31, 1963 the successor Bank filed a motion to vacate the order permitting the Dominion National Bank to be made a party and to dismiss the third party complaint against the Bank. Subsequently the United States filed a motion to dismiss the counterclaim filed by the Mullins and the Bank filed a supplemental (though largely redundant) motion to be dismissed on the ground that it was not liable on such a claim and furthermore that such a claim could not properly be made the subject of a third party action under Rule 14 of the Federal Rules of Civil Procedure.

The parties have filed briefs and argued the questions orally and I now hold that the counterclaim should be dismissed and that the order of this court of May 8, 1963 as supplemented by the order of August 3, 1963 making the Bank and Lawrence third party defendants should be vacated and the Bank and Lawrence should be dismissed as defendants.

## THE CLAIM AGAINST THE UNITED STATES

From the wording of the counterclaim it is a little difficult to determine

whether it sounds in contract or in tort. It is said to be brought under 28 U.S.C. § 1346, 28 U.S.C. § 1331 and 15 U.S.C. § 631 et seq.

28 U.S.C. § 1346 was enacted as a part of the Federal Tort Claims Act and covers actions for recovery of internal revenue taxes, claims founded on the Constitution or any regulation of the Executive Department, etc., claims not exceeding $10,000.00, founded upon the Constitution or any Act of Congress or upon any express or implied contract with the United States and claims for torts under circumstances under which a private person would be liable and certain counterclaims of the United States against a plaintiff who is suing the United States. 28 U.S.C. § 1331 covers cases arising under the Constitution, laws or treaties of the United States and 15 U.S.C. § 631 et seq. is simply the Act for aid to small business. It is impossible therefore to say from the pleadings whether the plaintiffs think of this as a contract or tort action but it makes no difference which it is. If it is thought of as a contract action, it is barred by the above mentioned provision of 28 U.S.C. § 1346, which provides for the recovery of erroneously assessed income taxes and "[a]ny other civil action * * * not exceeding $10,000 in amount * * * ." The amount here claimed is far in excess of the jurisdictional amount so the action cannot be maintained as an action in contract.

■ If the action is thought of as a tort action, it is barred by the Tort Claims Act which, in 28 U.S.C. § 2680, insofar as material reads as follows:

"§ 2680. Exceptions

"The provisions of this chapter and section 1346(b) of this title shall not apply to * * *

"(h) Any claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or *interference with contract rights.*" (Emphasis supplied)

It is therefore obvious that if this action is a tort action it is an action based on interference with contract rights and is therefore barred by § 2680(h) above quoted.

## THE THIRD PARTY COMPLAINT

■ The third party complaint is directed against the Bank and Lawrence Warehouses and in effect states that, while the loan was in a current status and adequately secured, the Small Business Administration, the Bank and Lawrence "unlawfully and wrongfully" froze the assets of Tri-States, converted them, closed the doors of the corporation and prohibited the transaction of any further business by Tri-States, resulting in Tri-States' insolvency and the filing of its petition of bankruptcy thereby injuring the Mullins, who were virtually the sole stockholders of Tri-States.

The question therefore arises whether, in a simple suit by the government on a note, the defendants may bring in third parties against whom they allege that they have a claim which does not in any way affect the liability of the Mullins to the United States.

Rule 14(a) of the Federal Rules of Civil Procedure provides:

"At any time after commencement of the action a defendant, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him."

The question therefore is whether the complaint of the Mullins against the Bank and Lawrence Warehouses to the effect that the Bank and Lawrence Warehouses improperly closed down the business of Tri-States is the same claim as the claim of the United States against the Mullins for the payment of the balance due on the $100,000.00 note. The answer is obvious. Such claim as the Mullins may have against the warehouse and the Bank is obviously an entirely different claim from the claim of the United States against the Mullins. The

claim of the United States is upon the note given it by the Mullins. The claim of the Mullins against the Bank and Lawrence is for alleged tortious action on their part. Plainly the third party complaint does not seek recovery against the Bank and Lawrence for any part of the claim of the United States against the Mullins but is upon an entirely independent claim.

It follows then that the third party complaint must be dismissed and we do not have to consider whether or not it may state a claim against the Bank and Lawrence which might be cognizable if independently instituted in the state courts, all of the parties being residents of Virginia.

THE PETITION FOR REVIEW

For the reaons stated above the Petition for Review in the bankruptcy case must also be denied.

Orders will be entered accordingly.