WILLIAMSBURG FAIR HOUSING
COMMITTEE et al., Plaintiffs,

v.

NEW YORK CITY HOUSING AUTHORI-
TY, and Joseph C. Christian, Individually
and in his official capacity as the Chair-
man of the New York City Housing Au-
thority, Defendants,

and

United States Department of Housing and
Urban Development, and Carla Hills,
Added Defendants as of Dec. 10, 1976,

and

United Jewish Organizations of
Williamsburg, Inc., et al.,
Intervenor-Defendants.

UNITED JEWISH ORGANIZATIONS OF
WILLIAMSBURG, INC., and Chaya
Friedman and others similarly situated,
Third-Party Plaintiffs,

v.

KENT VILLAGE HOUSING CO., INC., et
al., Third-Party Defendants.

No. 76 Civ. 2125 (CHT).

United States District Court,
S. D. New York.

Dec. 10, 1976.

Feder, Kaszovitz & Weber, New York City, for intervenor-defendants and third-party plaintiffs; Gabriel Kaszovitz, New York City, of counsel.

Robert B. Fiske, Jr., U. S. Atty., Southern District of New York, New York City, for defendants and third-party defendants United States Dept. of Housing and Urban Development and its Secretary, Carla Hills; Dennison Young, Jr., Richard J. McCarthy, New York City, of counsel.

TENNEY, District Judge.

This lawsuit was instituted by plaintiff Williamsburg Fair Housing Committee and others purporting to represent nonwhite predominantly Hispanic residents of the Williamsburg area of Brooklyn who allege acts of racial discrimination against them in violation of the United States Constitution and various federal statutes and regulations including Title VIII of the Civil Rights Act of 1968, 42 U.S.C. § 3604(b) ("1968 Fair Housing Act"), Title VI of the Civil Rights Act of 1964, 42 U.S.C., § 2000d, 42 U.S.C. §§ 1981, 1982, 1983, and 24 C.F.R. § 1.4(b)(2)(ii). The complaint alleges a pattern of discrimination by the New York City Housing Authority ("NYCHA") and others in the rental of apartments in five housing projects located within the Williamsburg Urban Renewal Area ("WURA") including publicly owned housing and publicly subsidized private housing. Plaintiffs seek to restrain all further discrimination in the renting of WURA apartments as they become available in the normal course of tenant turnover.

Intervenor-defendants, represented primarily by the United Jewish Organizations of Williamsburg ("UJO"), filed a third-party action involving the tenanting of Clemente Plaza, a private housing project financed under the "Section 236" federal subsidy program under the National Housing Act of 1968, as amended, 12 U.S.C. § 1715z–1. The third-party complaint is brought against Kent Village Housing Co., Inc., the owner of the property and sponsor of Clemente Plaza, Los Sures Management Co., Inc., the rental and management agent of the project, and the United States Department of Housing and Urban Development ("HUD") and its Secretary, Carla Hills, who approved the affirmative fair housing marketing plan for Clemente Plaza filed by Kent Village Housing Co., Inc. The intervenor-defendants allege that HUD has ignored its responsibility for policing and supervising the project sponsor's good faith efforts to comply with the approved marketing plan and for enforcing its regulations regarding priority in tenant selection. 24 C.F.R. §§ 200.600 et seq. Also named as a third-party defendant is the Housing and Development Administration of the City of New York ("HDA"), which has responsibility for supervising tenant selection at Clemente Plaza in compliance with its own regulations and federal law and regulations.

HUD has opposed the third-party complaint contending that it does not satisfy the requirements of Rule 14 of the Federal Rules of Civil Procedure ("Rules"), and that attempted consolidation under Rule 42(a) would be improper because a separate action has not been commenced, and that even if one were commenced it would be premature in the face of the agency's primary jurisdiction over the matter. For the reasons stated below, this Court holds that the intervenor-defendants' complaint states a cause of action which may be properly consolidated with the main action under Rule 42(a) and that HUD should be made a party to the main action under Rule 21.

The subject matter of the claims raised in the third-party complaint filed by the UJO

is sufficiently related to those raised in the plaintiffs' complaint and amended complaint as to be advantageously considered together as part of one overall lawsuit. Rule 42(a) states that:

"When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delays."

■ An action is commenced upon the filing of a complaint, Rule 3, and there is no requirement that such complaint be filed separately from an already pending action in order to facilitate formal joinder of common factual or legal issues. It is clear that in this case the UJO's challenge to the tenanting policies of the publicly subsidized, privately owned Clemente Plaza in the WURA is inextricably related to the plaintiffs' challenges to tenanting policies with respect to the publicly subsidized, privately owned units in the Bedford Gardens development in the WURA (Amended Complaint) and the challenges to the tenanting policies of the remaining public housing developments located in the WURA (Complaint).

The six housing developments geographically and in substance compose one community referred to as the Williamsburg Urban Renewal Area. They were initially conceived and subsequently planned as individual parts of one community. The former residents of the area encompassing the six projects have been treated as WURA former site occupants for purposes of priority tenancy. Realistically, the Court recognizes the past history of competition between the Hasidic and Hispanic communities in Williamsburg. *See United Jewish Organizations of Williamsburgh Inc. v. Wilson*, 510 F.2d 512 (2d Cir. 1974),[1] (challenge to redistricting of voting districts within the Wil-

liamsburg area). In fact, the mediation which to date has occurred in this housing dispute took cognizance of the entire WURA as one entity in attempting to reach an amicable community settlement without judicial intervention. Unfortunately the well-conceived mediation efforts have not been successful, and the parties are again before the Court. The legal questions concerning racial discrimination in housing patterns and integration objectives in Clemente Plaza and the other five developments must be considered together. The factual issues as to priority rights for former and present WURA site occupants of Clemente Plaza and the other five developments are interrelated. Despite the government's contention to the contrary, the decision to consolidate the action involving Clemente Plaza with the action involving the remaining projects within the WURA does not portend inclusion of every other housing discrimination case in New York City. The Court concludes, then, that consolidation of the issues raised in the UJO's complaint with the similar ones raised in the plaintiffs' complaint and amended complaint is both appropriate and, indeed, preferable in seeking an overall resolution of the instant WURA housing dispute.

■ In addition, the Court believes that HUD may properly be made a party to the dispute as it relates to the claims in plaintiffs' original and amended complaints. Professor Moore instructs that Rule 42 is to be liberally construed in line with the rules on joinder and intervention. 5 *Moore's Federal Practice* ¶ 42.02; *see* 3A *id.* ¶ 21.02. HUD's responsibility for approving and supervising implementation of the affirmative fair housing marketing plans submitted by WURA project sponsors is the same for all the projects involved. 1968 Fair Housing Act, 42 U.S.C. § 3608. It has been held that HUD's affirmative duty in administering federally assisted housing programs extends to both privately and publicly owned housing. *See Otero v. New York City*

---

1. *Aff'd sub nom. United Jewish Organizations of Williamsburgh, Inc. v. Carey,* —— U.S. ——,

97 S.Ct. 996, 51 L.Ed.2d 229, 45 U.S.L.W. 4221 (U.S. Mar. 1, 1977).

**384**

Housing Authority, 484 F.2d 1122, 1133–34 (2d Cir. 1973). Its own regulations call for approval of marketing plans, 24 C.F.R. § 260.625, and for monitoring their fair and dutiful implementation. Id. § 200.635. The fact that federal monies are allocated in different manners and channelled through different sources does not alter HUD's responsibility for overseeing the lawful use of federal funding consistent with the United States Constitution and federal laws and regulations.[2]

HUD's involvement with the entire Williamsburg urban renewal effort by virtue of its purse string attachments and its supervisory responsibilities under the Fair Housing Act and its own regulations convinces this Court that its participation in this WURA housing dispute is proper.

Finally it should be noted that, although plaintiffs did not name HUD as a defendant in their complaint, their general prayer for all appropriate relief may be read as implying a claim for relief against HUD, thus satisfying the terms of Rules 20 and 21. This construction is particularly apposite in light of the suggestion of HUD's complicity in acquiescing to illegal rental quotas. (Affidavit of Herbert Teitlebaum ¶ 4, verified June 2, 1976).

For the reasons hereinbefore stated, UJO's third-party complaint may be maintained, its claims are consolidated with those in the plaintiffs' complaint as amended, and HUD and Carla Hills are joined as defendants in the action.[3]

So ordered.

---

**2.** Federal funding reaches the housing projects in WURA by means of mortgage financing, direct rent subsidies, and interest reductions for private owners.

**3.** It may be noted that the Court retains discretion to issue any order relating to the parties involved and/or the relief ultimately fashioned, including an order dismissing HUD should that appear appropriate. See Otero v. New York City Housing Authority, supra, 484 F.2d at 1130 n. 11.