TOWER MORTGAGE CORPORATION, a corporation, and IDS Life Insurance Company, a corporation, Plaintiffs,

v.

Orville REYNOLDS, Defendant and Third Party Plaintiff,

v.

Von D. MASSEY, Third Party Defendant.

No. CIV–77–0715–D.

United States District Court, W. D. Oklahoma.

June 30, 1978.

Barry D. Mock, Oklahoma City, Okl., for plaintiffs.

Thomas A. Williams and William R. Thompson, Oklahoma City, Okl., for defendant and third party plaintiff Reynolds.

Orville Reynolds, pro se.

Joe D. Wheeler, Oklahoma City, Okl., for third party defendant Massey.

ORDER

DAUGHERTY, Chief Judge.

This is an action for breach of contract arising out of Defendant Orville Reynolds' alleged breach of a loan application agreement. Plaintiffs allege that Reynolds and

Plaintiff Tower Mortgage Corporation (Tower) entered into an agreement whereby Tower was to act as Reynolds' agent in securing a mortgage loan commitment on certain real estate in Bryan County, Oklahoma. Plaintiffs allege that Tower obtained such a commitment from Plaintiff IDS Life Insurance Company (IDS) and tendered the same to Reynolds, but that Reynolds failed to perform his obligations under the terms of the agreement by, among other things, failing to pay Tower its brokerage fees and refusing to close the loan with IDS. It is asserted that this Court has jurisdiction of the matter by reason of diversity of citizenship and amount in controversy. The matter is now before the Court for consideration of Reynolds' Motion for Leave to File a Third-Party Complaint against Von D. Massey. Reynolds has filed a brief in support of his motion. The Plaintiffs have filed a letter herein stating that they have no objections to Reynolds' motion.

Pursuant to Rule 14(a), Federal Rules of Civil Procedure, Reynolds seeks to file a third-party complaint against Massey on the basis that "had he not relied upon the representations of the proposed Third-Party Defendant (Massey) that a second Mortgage was committed and ready for payout, [he] would not have incurred his liability to Plaintiffs." Reynolds claims that Massey, a loan and mortgage broker, arranged the loan pleaded by the Plaintiffs in this action and was aware that Reynolds' completion of his loan from Tower was dependent and contingent upon Massey obtaining second mortgage financing for Reynolds from Colonial Finance Company. Reynolds asserts that Massey claimed to him that he had obtained the necessary second mortgage financing and that he should complete his loan with Tower, when in fact Massey had not obtained the second mortgage financing as claimed. Reynolds alleges that he relied on Massey's statements to his detriment and that therefore any liability which he may owe to Plaintiffs in connection with the agreement is in fact owed to them by Massey. He further alleges that he suffered damages in the amount of $10,000 as a result of the acts of Massey. He prays that if he is found to be liable to Plaintiffs in this case that Massey be required to assume his liability and hold him harmless therefrom, and that he be given judgment against Massey for $10,000.

■ Rule 14(a), Federal Rules of Civil Procedure, provides in part:

(a) *When Defendant May Bring in Third Party.* At any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him.

Rule 14(a) authorizes a defendant to bring into a lawsuit any person "not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him." A third-party claim may be asserted under this Rule only when the third party's liability is in some way dependent on an outcome of the main claim or when the third party is secondarily liable to the defendant. *See, e. g., Gaines v. Sun Ray Oil Co.,* 539 F.2d 1136, 1139 n. 7 (Eighth Cir. 1976); *Parr v. Great Lakes Express Co.,* 484 F.2d 767 (Seventh Cir. 1973); 6 Wright & Miller, *Federal Practice and Procedure*: Civil § 1446, at 246 (1971). The secondary or derivative liability notion is central and it is irrelevant whether the basis of the third-party claim is indemnity, subrogation, contribution, express or implied warranty, or some other theory. Wright & Miller, *supra.* The original defendant's claim against the third-party defendant cannot simply be an independent or related claim but must be based upon the plaintiff's claim against the original defendant. Wright & Miller, *supra,* § 1446, at 257. The crucial characteristic of a Rule 14 claim is that the original defendant is attempting to transfer to the third-party defendant the liability asserted against him by the original plaintiff. *Id.* As the rule is designed to reduce multiplicity of litigation and therefore is remedial in character, it should be construed liberally. *E. g., United States v. Acord,* 209 F.2d 709 (Tenth Cir. 1954), *cert.*

denied, 347 U.S. 975, 74 S.Ct. 786, 98 L.Ed. 1115 (1954). The granting or denial of impleader rests in the sound discretion of the trial court. *Farmers & Merchants Mutual Fire Insurance Co. v. Pulliam*, 481 F.2d 670 (Tenth Cir. 1973).

■ In a diversity action, an application of the appropriate state law governs the question of whether there exists a substantive right that can be the basis of a third-party claim. *Weil v. Dreher Pickle Co.*, 76 F.R.D. 63, 65 n. 1 (W.D.Okl.1977); Wright & Miller, *supra*, § 1446, at 251–52. In the instant case, the appropriate state law would be that of Oklahoma.

■ Upon examination of Reynolds' proposed Third-Party Complaint, the Court concludes that said pleading contains sufficient allegations to bring Reynolds' claim against Massey within the provisions of Rule 14(a). The Third-Party Complaint alleges facts necessary to constitute actionable fraud under Oklahoma law. *See, e. g., State ex rel. Southwestern Bell Telephone Co. v. Brown*, 519 P.2d 491 (Okl.1974). Plaintiffs' claim against Reynolds in this action arises from a loan application agreement executed by Reynolds. Reynolds' asserted third-party claim against Massey also relates to the agreement as Reynolds alleges that he executed the agreement in reliance upon fraudulent representations of Massey and that any liability he incurred resulted from Massey's fraud. Reynolds' Third-Party Complaint seeks a judgment against Massey for whatever sums Plaintiffs recover against Reynolds in the original action on the agreement, plus damages suffered as a result of Massey's acts. In view of the allegations in the Third-Party Complaint, it is apparent that Reynolds is seeking to transfer to Massey the liability asserted against him by the original Plaintiffs. This is sufficient to satisfy Rule 14(a). *See generally United States v. Scott*, 18 F.R.D. 324 (S.D.N.Y.1955); *United States v. Hecht*, 9 F.R.D. 339 (N.D.Ohio 1949); *United States v. Pryor*, 2 F.R.D. 382 (N.D.Ill.1940).

Accordingly, Reynolds' Motion for Leave to File a Third-Party Complaint against Massey is granted. As the third-party action is ancillary to the main action, it is sustained by the Court's diversity jurisdiction over the original action and need not be supported by an independent basis of jurisdiction. 3 Moore's *Federal Practice* ¶ 14.26 (2d ed. 1974); Wright & Miller, *supra*, § 1444.

It is so ordered this 30 day of June, 1978.