**FARMERS PRODUCTION CREDIT ASSOCIATION OF ONEONTA, Plaintiff,**

v.

**Lewis N. WHITEMAN, et al., Defendants/Third Party Plaintiffs,**

v.

**DEPARTMENT OF AGRICULTURE, et al., Third Party Defendants.**

**Lewis WHITEMAN and Dorothy Whiteman, Plaintiffs,**

v.

**DEPARTMENT OF AGRICULTURE, et al., Defendants.**

Nos. 83–CV–190, 83–CV–90.

United States District Court, N.D. New York.

Aug. 18, 1983.

Feury, Gozigian & Washburn, Cooperstown, N.Y., for plaintiff Farmers Production Credit Ass'n of Oneonta; Bond, Schoeneck & King, Syracuse, N.Y., of counsel.

## MEMORANDUM–DECISION AND ORDER

McCURN, District Judge.

The motions herein involve third-party practice under Rule 14(a), Fed.R.Civ.P., and consolidation under Rule 42(a). *Id.*

Farmers Production Credit Association of Oneonta ("PCA") commenced a foreclosure action in state court to recover approximately $52,000 plus interest owed by Lewis and Dorothy Whiteman, as evidenced by their promissory note and mortgage. In their answer to the complaint, the Whitemans asserted, *inter alia,* that plaintiff's demand for payment was invalid for failure to comply with the Farm Credit Act and regulations thereunder, and that misrepresentations made by the plaintiff concerning the mortgaged property entitle the defendants to rescind their agreements.

In addition to answering the complaint, the Whitemans filed a third-party claim against the Department of Agriculture and various other federal agencies and officials. The crux of their claim, in paragraph 8 of the third-party complaint, is:

That the third-party defendants are liable for all of the outstanding balance, if any, as a result of numerous misrepresentations made by them in the course of the defendants and third-party plaintiffs entering into an agreement with the plaintiff and further as a result of numerous other actions of the third-party defendants, including but not limited to the failure to adequately supervise the main plaintiff in the instant action.

Shortly thereafter, the Whitemans commenced an action in federal court, 83–CV–90, against the same federal defendants impleaded in the foreclosure action, and against the PCA and its officers as well. The complaint in 83–CV–90 contains allegations that elaborate upon those made by the Whitemans in the foreclosure action, i.e.: the defendants made certain misrepresentations to induce the Whitemans to purchase the property; the defendants failed to adequately supervise the Whitemans. *Complaint* ¶¶ 23–26, 42. In addition, the complaint contains allegations that the FHA misrepresented certain financing terms, *id.* ¶¶ 27–34, 40–41; and that the PCA prevailed upon plaintiffs to accept certain onerous terms without explaining them, *id.* ¶¶ 35–39, violated the terms of a crop loan made to the Whitemans, and laws governing the same, *id.* ¶¶ 44–54; wrongly denied the Whitemans additional credit, *id.* ¶¶ 55–59, and forced the Whitemans into an unfavorable sale of their cows. *Id.* ¶¶ 60–69. In their final allegations, the Whitemans assert that the PCA acted under state and federal law. *Id.* ¶¶ 71–73.

The Whitemans claim that, through the conduct summarized above, the defendants in 83–CV–90 deprived them of various rights under the United States Constitution, the Farm Credit Act of 1971 (12 U.S.C. § 2001 et seq.), state statutes and common law. They request damages of $27.5 mil-

lion, and such other relief as the court will afford.

On February 22, 1983, the United States Attorney, on behalf of the defendants in the foreclosure action, filed a petition for the removal of that action to federal court, pursuant to 28 U.S.C. § 1442(a)(3). Subsequently, the government moved pursuant to Rule 42(a), Fed.R.Civ.P., to consolidate the foreclosure action, now docketed as 83–CV–190, with the federal action, 83–CV–90.

By affidavit dated March 11, 1983, the attorney for the Whitemans indicated his agreement that 83–CV–90 and 83–CV–190 involved "an identity of parties and issues," and he joined the government's motion to consolidate.

Initially, the PCA simply opposed consolidation, taking the position that the issues in the two suits "are only tenuously related." *Conan affidavit of March 17, 1983* ¶ 7. Subsequently, however, the PCA cross-moved for (1) an order pursuant to Rule 14(a), Fed.R.Civ.P. striking or, in the alternative, severing the third-party claim in 83–CV–190; (2) an order pursuant to 28 U.S.C. § 1447(c) remanding the main action in 83–CV–190 to state court; and (3) in the event the third-party claim is severed, an order pursuant to Rule 42(a), Fed.R.Civ.P. consolidating the remainder of 83–CV–190 with 83–CV–90.

## I.

The PCA's motion to strike or for severance is based primarily on its contention that the third-party complaint asserts only independent liability on the part of the federal defendants, and not derivative liability as required by Rule 14(a) or its state counterpart, NY CPLR § 1007.

■ Rule 14(a) enables a defendant to commence a third-party action against a person "who is or may be liable to him for all or part of the plaintiff's claim". Generally, the rule is construed as requiring that the third-party defendant's liability "must be derivative of or secondary to that of the third-party plaintiff who is the defendant in the main action," *Index Fund, Inc. v. Hagopian*, 417 F.Supp. 738, 744 (S.D.N.Y. 1976), and must not arise out of a separate and independent claim. *United States v. Joe Grasso & Son*, 380 F.2d 749, 751 (5th Cir.1967). Thus, as Wright and Miller explain:

> The crucial characteristic of a Rule 14 claim is that defendant is attempting to transfer to the third-party defendant the liability asserted against him by the original plaintiff. The mere fact that the alleged third-party claim arises from the same transaction or set of facts as the original claim is not enough.

6 *Fed.Prac. & Proc.* § 1446 at 257 (1971 ed.). *See also* 3 J. Moore, *Federal Practice,* ¶¶ 14.04–14.15.[1]

---

**1.** There are a number of decisions in this circuit permitting the assertion of a third-party claim simply on the ground that it involves related matters or arises out of the same transaction or core of facts as the plaintiff's claim. *E.g., Weisman v. Ashplant*, 326 F.Supp. 825 (S.D.N.Y.1971); *Crompton-Richmond Co., Inc., Factors v. U.S.*, 273 F.Supp. 219 (S.D.N.Y.1967); *Rock Transport Properties Corp. v. Hartford Fire Insurance Co.*, 45 F.R.D. 373 (S.D.N.Y. 1968). *See also Williamsburg Fair Housing Committee v. New York City Housing Authority*, 73 F.R.D. 381 (S.D.N.Y.1976). The rationale for such decisions seems to be the principle that Rule 14 is to be liberally construed, *Williams v. U.S.*, 42 F.R.D. 609 (S.D.N.Y.1967); *Cotroneo v. Grancolombiana, Inc.*, 194 F.Supp. 853 (S.D.N.Y.1961), in order to avoid a multiplicity of lawsuits. *Lyons v. Marrud, Inc.*, 46 F.R.D. 451 (S.D.N.Y.1968); *Thompson v. United Artists Theatre Circuit, Inc.*, 43 F.R.D. 197 (S.D.N.Y.1967). *See Dery v. Wyer*, 265 F.2d 804 (2d Cir.1959).

In the view of this court, the plain language of Rule 14(a) authorizes the third-party claim only against a person "who is or may be liable to the defendant for all or part of the plaintiff's claim", and it does not authorize all claims arising out of the same transaction. *Compare* Rule 14(a) *with* Rule 13(a) Compulsory Counterclaims *and* Rule 13(g) Cross-Claim against a Co-Party *and* Rule 20 Permissive Joinder. *Compare also,* the first sentence of Rule 14(a), quoted above, *with* the sixth and seventh sentences of that Rule:

> The third party defendant may also assert any claim against the defendant arising out of the transaction or occurrence.... The plaintiff may assert any claim against the third-party defendant arising out of the transaction or occurrence....

Liberally read, the defendants' third-party complaint asserts that its liability to the plaintiffs, if any, may be traced in whole or part to the third-party defendants, whose misrepresentations induced the defendants to give the note and mortgage to the plaintiffs. Though the claim may later prove defective for any number of reasons not now raised by the movants, it does appear to state a tenable theory of derivative liability for Rule 14(a) purposes. In general, one who by fraudulent representations induces another to act to his damage is liable for the damages suffered, 37 C.J.S. Fraud § 61 at 346; and a third person as well as a vendor is liable for misrepresentations inducing the purchase of property. *Id.* at 350. In this instance, the damage sustained by the defendants could be all or part of its liability on its note to the plaintiff.

An analogous, though factually more complex, situation was presented in *United States v. Scott,* 18 F.R.D. 324 (S.D.N.Y. 1955). In that case, the F.H.A. had insured Scott's note to Tilo Roofing Company, which then negotiated it to Stratford Credit Corporation. After default, the U.S. commenced suit against Scott, who impleaded Tilo and Stratford. Scott alleged that Tilo procured the note through misrepresentations, and that Stratford was aware of the fraud and could therefore not be a holder in due course. The court denied the third-party defendants' motion to dismiss the third-party complaint as improper under Rule 14(a). Reasoning first that the determination of the plaintiff's rights would "require a consideration of the circumstances under which Tilo obtained the note," the court went on to conclude that:

> This determination is, of course, also involved in deciding whether or not defendants should recover from the third-party defendants whatever plaintiff recovers on the note from defendants. Consequently, to deny impleader as to recovery over would unnecessarily increase the time and expense of litigation.

Since the court has determined that, liberally read, the third-party complaint in this case partially satisfies Rule 14(a) in any event, this

*Id.* at 325. In a similar manner, the government's alleged fraud upon the Whitemans could furnish a basis for the Whitemans to recover all or part of what the PCA recovers on their note from the Whitemans.

Plaintiff's reliance upon *United States v. Mullins,* 228 F.Supp. 748 (W.D.Va.1964) and *United States v. DeHaven,* 13 F.R.D. 435 (W.D.Mich.1953) is only partially apposite. In *Mullins,* the United States sued to recover on a S.B.A. loan, whereupon the defendants sought to implead a bank that had frozen their assets, allegedly causing their default on the loan. The court dismissed the third-party claim as an improper attempt to assert independent liability.

By his third-party complaint, Mullins attempted to have the court adjudicate an external cause of his default; the claim would have involved the court in a completely different set of facts and law from those raised by either the government's claim or Mullin's defense. In this regard, it is analogous to the Whitemans' allegation of negligent supervision, which is an allegation of an external causative factor in the Whitemans' default. Indeed, negligent supervision could be deemed a causative factor of a host default claims against the Whitemans, and is not peculiar to their liability to the PCA.

By contrast, the Whitemans' allegations of misrepresentation goes to the creation of the Whitemans' liability on the particular instruments sued upon in this action, and is unlike the independent claim in *Mullins.* An allegation that the federal defendants fraudulently induced the Whitemans to purchase property and enter into financing agreements with the PCA is inextricable from a suit on those instruments, and parallels the Whitemans' defense to the main party action. Thus, it is different in character from a mere assertion that the third-party caused the defendant's financial diffi-

criticism of the "same transaction" test is relegated to a footnote.

culties which, in turn, led to the defendant's liability to the plaintiff.

*DeHaven* requires little further discussion. In a suit upon a note, the court dismissed a third-party breach of contract claim for repairs made with funds from the loan sued upon. Clearly, the third-party claim in *DeHaven* was independent, and just as clearly, it is wholly unlike the allegation of fraud asserted by the defendants herein.

For the reasons above, the third-party complaint is proper under Rule 14(a) except insofar as it asserts a claim of improper supervision, and that claim is stricken. This holding has no bearing on any subsequent challenge to the sufficiency or maintainability of the third-party claim under any other rule.

### II.

Severance of the remainder of the third-party claim is inappropriate at this time. Defendants' answer to the complaint and their third-party claim raise the same questions of fact and law: the veracity of their allegation of fraud, and the effect of such fraud on their liability to the plaintiffs. Having determined that the third-party claim is not improper, the Court may then consider judicial efficiency, which would be served by the resolution of these issues in one lawsuit.

### III.

Since only part of the third-party claim is stricken by this Order, plaintiffs' motion for remand of the cause to state court cannot be granted. The United States is still a party, and 28 U.S.C. § 1442(a)(3) still obtains. Denial of the motion to remove is without prejudice, and may be reasserted in the event the third-party action terminates before significant judicial resources have been expended in the adjudication of the main claim.

### IV.

Turning next to the government's motion for consolidation, the pertinent rule, Rule 42(a) Fed.R.Civ.P. provides as follows:

(a) Consolidation. When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

■ At first glance, consolidation of 83–CV–190 and 83–CV–90 seems appropriate: the cases involve the same parties and overlap with respect to certain issues. Upon closer scrutiny their differences, which are significant, emerge. 83–CV–190 is an action upon a note which may necessitate determining, *inter alia,* whether certain misrepresentations were made and whether the PCA was subject to and complied with certain provisions of state and federal law. 83–CV–90 is an action for damages which may also necessitate determining whether misrepresentations were made, but will further require the adjudication of numerous other legal claims asserted against federal defendants and the PCA, based on factual allegations which are not alleged in 80–CV–190 and could not be a proper basis for a third-party claim. Complete consolidation of the two actions would, in the Court's view, unduly complicate and delay the completion of either action, and would thereby disserve judicial efficiency.

Logic and efficiency would be served, however, by assigning any factual determinations necessitated by the Whitemans' allegations of fraudulent inducement to purchase property and enter the agreements sued upon by the PCA for joint hearing in the course of 83–CV–190.

To the extent that identical or similar legal questions are presented in the cases, it is expected that the doctrines of *collateral estoppel* or *stare decisis* will enable the Court to avoid much duplication of effort.

Accordingly, the Court orders as follows:

1. The PCA's motion to strike or sever the third-party complaint in 83–CV–190 is denied except insofar as the third-party

complaint purports to state a claim of improper supervision, which is stricken. Rule 14(a), Fed.R.Civ.P.

2. The PCA's motion to remand 83–CV–190 to state court is denied without prejudice.

3. The PCA's motion to consolidate is moot, and therefore denied without prejudice.

4. The government's motion to consolidate 83–CV–190 and 83–CV–90 is denied in part, and granted to the extent that any factual determinations necessitated by the Whitemans' allegations of fraudulent inducement to purchase property and enter into the agreements sued upon by the PCA shall be heard jointly in the course of 83–CV–190.

IT IS SO ORDERED.